*256 OrimON 03? THE COURT, BY
ClI. J. BoYLE.
Ramsey Bolware, Richard Bolware and Daniel Weisiger, on the 23d of March, 1813, entered into arti-cjes 0f partnership for the purchasing, butchering and selling of beef, in the market of Frankfort, for one year, The Bolvrares were to purchase and collect the beef, anci one 0f them was to assist a person to be employed *n butchering, and Weisiger was to purchase what beef he could and take of the partnership the fresh beef he should want for his own use, at three and a, half cents pCr p0uncj5 an¿ {jle ^counts were to be settled every three months. The business of the partnership com-immediately thereafter. Ramsey Bolware attended to the purchase and collection of beeves, and *257 Richard to butchering and vending the beef in market', and Weisiger seems to have taken little or’no agency in -■the transaction of the business. But the business ceased to be carried bn before the end of the year, and there was no' settlement of their accounts during the dime it was carried on, nor at any time thereafter; and in this situation of their affairs, Ramsey Bolware filed this bill, alleging that he had disbursed money to a considerable amount beyond what he had received of the partnership funds, and praying for an adjustment of their accounts, and that the'balance due might be decreed to be paid to him.
Richard Bolware ami Weisiger answered, both 'of whom admit the agreement of partnership, but deny that the complainant had disbursed on account of the partnership more than he had received of the funds belonging to the firm, and require proof of his disbursements, and Weisiger, moreover, claims a balance due to him for money advanced for the firm beyond what he had received.
After depositions had been taken hy the parties, a commissioner was appointed by the circuit court, to adjust the account, who. reported a considerable balance in favor of the complainant, and the court, on a final hearing of the cause, quashed the report and decreed the bill to be dismissed with costs, to which decree the complainant prosecutes this writ of error.
We have no doubt that the circuit court was correct in quashing the commissioner’s report; for it allowed a profit of 33 1-3 percent, to have been made by'thc. firm, on the money advanced in the purchase of beef, when in fact it does not appear that there was any, or if any, what was the amount of profit. It is true, there is proof of what profit was made by other persons, en^fg-ed in the butchery business for the same rnarket, who managed the business well; but the business of this firm does not appear to have been successfully conducted, and its failure was probably owing, in some measure, to the inferior quality of the beef furnished by the complainant, and to the-loss of debts for beef sold on credit, by the approbation of the cotfiplainant,as is presumable from the circumstances of the case.
In such a case, certainly there should be no profit allowed beyond that which was actually made, and if none *258 is proved to have been made by the firm, none ought to al'owe^4 But the report of the commissioner .was, moreover, defective, inasmuch as it admits thaj; there were josses on account of the removal and insolvency of (he debtors of the firm, or of their refusal to pay, and the want of proof of these debts, and yet the report did not ascertain the amount of those losses. It is true, that (he defendants filed no exceptions tb the commissioner’s report; but this, we apprehend, is not necessary whore the report is, on its face, vague and uncertain, as the report in this case was, as to the amount of losses on account of bad debts. Besides, it appears that the defendants were about to file exceptions to the report, and were prevented from doing so by the court, who decided that it would hear and determine the validity of the objections to the report, on the hearing of the cause.
. But although the court was correct in quashing the report, we think it erred in dismissing the bill; for itis apparent from the evideuce exhibited in the record, that the complainant had advanced for the firm, beyond what he had received of its funds, more than his.just proportion; and, of course, whether the firm gained or lost by the business, he would be entitled to something. As, however, the accounts are complex and confused, it is impracticable to' ascertain what is the amount due to and from the partners respectively, except through the medium of a commissioner, and the court below ought, therefore, instead of dismissing the bill, to have again committed the subject to the same or some other commissioner, to adjust the accounts, and by its order directed the books of accounts of the firm, so far as they have been preserved by either of the partners, to be produced to the commissioner.
The decree must be reversed with costs and the cause be remanded, that further proceedings may be had, not inconsistent with this opinion.