*Turner, Owsley & Goodloe* for plaintiffs: *Breck* for defendants.

---

# Faris *vs* The Commonwealth.

CASE.

ERROR TO THE WASHINGTON CIRCUIT.

*Gaming. Capias pro fine.*

Case 26.

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

September 27.

ALTHOUGH the levy of the *fi. fa.* on the horse of *Faris* operated as a suspension of the right to issue a *capias pro fine*, as long as that levy was undisposed of or the horse was withheld from *Faris;* yet when *he* secretly rescued the horse and concealed it, the suspension ceased and the *capias* was legally and properly issued.

The Circuit Judge ought not, therefore, to have quashed the *capias* and the return of executed thereon; and consequently, though the Judge did quash, *Faris* should not complain that he was remanded to jail: 1st, Because the quashal was improper; and, 2d, Because, had it been proper, the Judge had authority under the 7th section of the act of 1833, against gaming, to order him to prison, he being in Court and failing to pay the fine adjudged against him.

Judgment affirmed.

*Harlan & Craddock* for Faris: *Cates, Attorney General*, for the Commonwealth.

Though a *fi. fa.* issue on a judgment for a fine assessed for gaming, and the right to issue a *capias pro fine* is suspended, yet if the property levied on be rescued by the defendant, the suspension ceases.

By the statute of 1833, sec. 7, the Court have the right to order the defendant, convicted of gaming, to jail forthwith, on his refusal to pay the fine assessed.