## WILLIAM A. ROSE v. JAMES TAYLOR'S EX'R.

**Judicial Sale of Real Estate.**

Where an appeal is pending from the Common Pleas Court directing a tract of land to be sold to pay a debt, and the judgment was not superseded, and within a month the land is sold and report of sale made some months thereafter, no exceptions having been filed thereto or objections of any kind made; where it was confirmed and a deed ordered made, presented to the court and certified for record, and possession awarded to the purchaser, without any objections being made by any one, and without any information being given to the court of a pending appeal, the party appealing by reason of his negligence cannot successfully attack such sale and have it set aside.

### APPEAL FROM MERCER COURT OF COMMON PLEAS.

March 6, 1880.

34

OPINION BY JUDGE COFER:

In October, 1878, the appellant filed in this court an appeal from the judgment of the common pleas court of Mercer County directing a tract of land to be sold to pay a debt due to the executor of James Taylor.

The judgment was not superseded, and in November, 1878, the commissioner sold the land. He lodged his report of the sale in the clerk's office, January 29, 1879, and on the 3d of February it was filed in court. On the 5th of February, there being no exceptions thereto, the report was confirmed and a deed ordered to be made to the purchaser. On the 11th a deed was presented to the court and examined and ordered to be certified to the proper office for record. On the 12th a writ of possession was awarded the purchaser.

The appellant not only failed to file exceptions to the report of sale or to make any objections to the order directing a deed to be made, the order approving the deed or the order awarding a writ of possession, but he failed to except to any of these orders, as far as appears, to give to the court the slightest intimation that he objected to anything that was being done, or that an appeal from the order of sale was pending in this court. Nor did he afterward move the court to set any of these orders aside.

Counsel now complains that 131 acres of land for which his client agreed to pay $35 per acre, on which he has paid $800 and made improvements worth $1,000, and which was valued at $20 per acre by appraisers appointed under the Act of 1878, has been purchased by the executor of the vendor at $5 per acre, and insists that it was the duty of the court below to set aside the sale v ithout exceptions, or, as far as appears, even a suggestion by any on that the sale was for an inadequate price, or that the appellant desir l to have it set aside; and counsel now asks this court to reverse the order confirming the sale on the ground that the price was grossly inadequate. It is true he urges the additional ground that the order confirming the report was made on the same day the report was filed, and that no time was allowed to file exceptions. But, as we have already stated, the record shows the report was filed in court on the 3d and not confirmed until the 5th day of February. The present code does not prescribe the time that such reports shall lie over for exceptions, and we are not prepared to decide that the time allotted in this case was not sufficient.

Nor can we concur with counsel that it was the duty of the court unasked to set aside the sale. It is not the practice and not the duty of the courts to take up each report of sale, scrutinize it, compare it with the record, and see that it is such a sale as should be confirmed. Those are the duties of the parties or their counsel, and when no objection is made the court has a right to presume that the report ought to be confirmed, and that the parties do not desire to have the sale set aside, or that they have no sufficient grounds upon which to ask that it be set aside.

If the appellant has suffered loss it is the result of his own negligence, and we have no power to relieve him. If he had filed exceptions and suggested to the court that an appeal from the order of sale was pending, it would have been the duty of the court to suspend action upon the report until the appeal was decided, or, if the exceptions were well taken, to sustain them and set aside the sale.

None of the cases cited by counsel conflict in any way with the conclusion reached above, that it was not the duty of the court, without exceptions, to look into the report and the record and to set aside the sale, however grossly inadequate the price may have been.

The first case cited (*Bolware v. Bolware*, 4 Litt. 256) was a suit to adjust accounts between partners. A commissioner's report of settlement was filed and the court on final hearing quashed the report and dismissed the bill; and this court held such action correct, although there were no exceptions, because the report was on its face vague and uncertain, and because it appeared that the defendants were about to file exceptions and were prevented from doing so by the court, "who decided that it would hear and determine the validity of the objections to the report on the hearing of the case."

In *Miller v. Hall*, 1 Bush 229, the sale was set aside, but certainly not without motion or objection by the parties interested. In *Clarey v. Marshall*, 4 Dana 99, there was no sale or report by a commissioner, and the case has no bearing upon the case in hand. Nor has *Debell v. Foxworthy's Heirs*, 9 B. Mon. 228, nor *Clark v. Farrow*, 10 B. Mon. 446.

The Act of 1878 (1 Acts 122) provides (section 3) that when the right of redemption exists the defendant shall remain in possession, and that the land shall not be conveyed until the time of redemption expires. The court had no right to presume that the right of *exemption* did not exist, and was bound to investigate that question before

ordering a conveyance or a writ of possession, and, as the order for the writ of possession is a final order, it and the order directing a deed to be made must be *reversed,* and the cause is remanded with directions to cancel the deed.

*E. J. Polk, for appellant.   O. S. Poston, for appellee.*