## Commonwealth v. Winchester, et al.

(Decided December 6, 1927.)

### Appeal from Bourbon Circuit Court.

1. Fines.—Ky. Stats. and Ky. Stats. Supp. 1926, secs. 1377 to 1379-1, 1379-8, 1380 and Ky. Stats., sec. 1381, make it clear that, where judgment provides that defendant shall work at hard labor until his fine is satisfied, imprisonment is complete satisfaction of fine.

2. Fines.—Under Ky. Stats. and Ky. Stats. Supp. 1926, secs. 1377 to 1379-1, 1379-8, 1380, and Ky. Stats., sec. 1381, when defendant is placed at hard labor, he is not subject to release, unless fine is paid or replevied.

3. Fines.—Under Ky. Stats. and Ky. Stats. Supp. 1926, secs. 1377 to 1379-1, 1379-8, 1380, and Ky. Stats., sec. 1381, where defendant was convicted of possessing liquor, and his punishment was fixed at fine of $300 and 30 days' imprisonment, and judgment provided that, if fine and costs were not paid or replevied, they should be worked out on county works at rate of one day for each $2 of fine and costs, defendant had option of paying or replevying or of serving out fine.

4. Criminal Law.—Where defendant was convicted in county court of possessing liquors, and, on appeal to circuit court, appeal and supersedeas bond furnished under Criminal Code of Practice, sec. 364, was simply covenant that defendant would perform judgment which should be rendered against him on appeal, and judgment of circuit court provided that, if fine and costs were not paid or replevied, they should be worked out, and defendant had been released from jail before fine was paid, but was ready and willing to satisfy judgment by imprisonment at hard labor, there was no breach of covenant for which he or his sureties could be held liable under Ky. Stats. and Ky. Stats. Supp. 1926, secs. 1377 to 1379-1, 1379-8, 1380, and Ky. Stats., sec. 1381, providing for working out fines.

FRANK E. DAUGHERTY, Attorney General, and DAVID D. CLINE for appellant.

ROGERS MOORE, EMMET M. DICKSON, WILLIAM BLANTON, and JAMES M. O'BRIEN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On March 6, 1926, Sam Winchester was convicted in the Bourbon county court of the offense of unlawfully possessing intoxicating liquor, and his punishment fixed at a fine of $200 and 60 days' imprisonment in the county jail. He was also required to execute a peace bond in the sum of $1,000. On March 15, 1926, Winchester prosecuted an appeal to the Bourbon circuit court, and executed the following appeal and supersedeas bond with George W. Stuart and Monroe Scruggs as sureties:

"Sam Winchester having prayed an appeal to the Bourbon circuit court from the judgment rendered on the 6th day of March, 1926, by George Bat-

terton, judge of the Bourbon county court, against the said appellant for a fine of $200 and costs, and 60 days' imprisonment, now, if the said judgment be affirmed, we covenant to pay the costs of the appeal, and also that the said Winchester will perform the judgment which shall be rendered against him on the appeal, and, if the judgment be for imprisonment, and the said Sam Winchester fail to render himself in execution thereof, that we will pay to the commonwealth of Kentucky the sum of $2 for each day of imprisonment adjudged against him.''

At the November term of the Bourbon circuit court Winchester was again convicted and his punishment fixed at a fine of $300 and 30 days' imprisonment in the county jail, the judgment of conviction reading as follows:

"Wherefore, it is adjudged that the defendant, Sam Winchester, is guilty, as charged, and that the commonwealth of Kentucky recover of him a fine in the sum of $300, and the costs herein expended; and, if said fine and costs be not paid or replevied, to be worked out on the county works at the rate of one day for each $2 of said fine and costs.

"It is further adjudged that the defendant be confined in the county jail for a period of 30 days.''

After the rendition of the judgment, Winchester was placed in the custody of the jailer of Bourbon county, and was confined in the jail for a period of 38 days, when he was released by order of the proper officials of Bourbon county.

Within 10 days after the adjournment of the November term of the Bourbon circuit court, the clerk of that court issued an execution for said fine and costs in favor of the commonwealth and against Winchester as principal and Stuart and Scruggs as sureties on the appeal bond, and delivered the execution to the sheriff of Bourbon county. At the March, 1927, term of the Bourbon circuit court the defendants in the execution filed a petition and motion to quash the execution, and filed therewith the affidavit of Winchester stating, in substance, that he had served the 30 days' jail sentence and 8 additional days when he was discharged from custody, and that he was willing and ready to serve out the remainder of the

fine and costs. The court sustained the motion and quashed the execution. The commonwealth has appealed.

The question presented is whether the defendant has the option either of paying the fine and costs, or of serving out the amount in jail, and, if he elects imprisonment in lieu of payment, whether or not the commonwealth may collect by execution the amount of the fine from the sureties on the appeal and supersedeas bond.

Appeals are authorized in certain cases from an inferior court to the circuit court. In such a case the defendant must execute a covenant with good surety to pay the costs of the appeal in the event the judgment is affirmed, and, if he desires to suspend the enforcement of the judgment, a further covenant to perform the judgment which may be rendered against him on the appeal. Section 364, Criminal Code. Section 304, Criminal Code, provides that, with the exception of judgments in city or police courts, confinement shall not discharge the fine, but that thereafter it may be collected only by proceedings against defendant's property. This rule, however, has been changed by what are known as the working statutes. Thus it is provided that, when the punishment for a crime is a fine or imprisonment in the county jail, or both, the jury may, in their discretion, if the defendant is a male, provide in their verdict that the defendant shall work at hard labor until the fine and costs or imprisonment is satsfied, or until both are satisfied; and that, when such a verdict is returned, or when the case is tried by the court, a judgment shall be rendered directing that the defendant shall work at hard labor at the rate of $1 per day (subsequently changed to $2 a day) until the fine and costs are paid, or during the time of his imprisonment, or until both are satisfied, as the jury in their verdict may determine. Kentucky Statutes, secs. 1377, 1378. See, also, sections 1377, 1378, Kentucky Statutes, Baldwin's 1926 Supplement. It is further provided that, in all cases in which a court or jury shall provide that the defendant shall work at hard labor or until his fine and costs, or imprisonment, or both, are satisfied, defendant shall be placed in the workhouse, if there be one in the county, or at work upon some public work or road of the county, etc., and that the place of working such prisoners shall be determined by the county judge. Section 1379-1, Kentucky Statutes. See, also, section 1379-1, Kentucky

Statutes, Baldwin's 1926 Supplement. Another provision is as follows:

"All prisoners placed at hard labor shall be permitted to satisfy their fines and costs at the rate of one dollar (afterwards changed to two dollars) per day." Kentucky Statutes, section 1379-8.

See, also, Kentucky Statutes, sec. 1379-8, Baldwin's 1926 Supplement.

There is the further provision that defendant shall not be required to labor more than eight hours a day, and may at any time pay or replevy the fine and costs or whatever part thereof remains unpaid after receiving credit of $1 (afterwards changed to $2) for each day worked in payment thereof. Section 1380, Kentucky Statutes. See, also, section 1380, Kentucky Statutes, Baldwin's 1926 Supplement. Still another provision is that the prisoner, whether employed or not, *shall* remain in jail until the imprisonment is satisfied, and until the fine and costs are paid, but that the fine and costs may at any time be paid or replevied, in which event the prisoner shall have credit for each day he remained in jail in payment of the fine and costs. Kentucky Statutes, sec. 1381. See, also, Kentucky Statutes, Baldwin's 1926 Supplement. These statutes make it clear that, where the judgment provides that the defendant shall work at hard labor until his fine is satisfied, the imprisonment is a complete satisfaction of the fine. It is further clear that, when the defendant is placed at hard labor, he is not subject to release, unless the fine is paid or replevied. To say that he may be released at any time in order that the commonwealth may proceed against him and his sureties to collect the fine is to override the statutes, and deny him the right to serve out the fine, which the statutes in terms declare he *"shall be* permitted to do." We are therefore of the opinion that there is no escape from the conclusion that the defendant in such a case has the option of paying or replevying or of serving out the fine. As the appeal and supersedeas bond was simply a covenant that Winchester would perform the judgment which should be rendered against him on the appeal, and as the judgment provided that, if the fine and costs were not paid or replevied, they should be worked out on the county works at the rate of one day for each $2 of the fine and costs, and as Winchester was ready and willing to satisfy the judgment by

imprisonment at hard labor, it necessarily follows that there was no breach of the covenant for which he and his sureties could be held liable.

Judgment affirmed.