# Commonwealth, for Use and Benefit of City of Pineville v. Partin.

(Decided March 2, 1928.)

## Appeal from Bell Circuit Court.

1. Fines.—Since prosecution for violation of state prohibition law (Laws 1922, c. 33) originated in police court of a city, fine under Ky. Stats., sec. 3517, would go into the city treasury, and hence city attorney properly had writ of fieri facias under Criminal Code of Practice, sec. 301, issued against defendant's estate to collect unpaid part of fine.

2. Fines.—Where defendant, convicted of violation of prohibition law and fined and imprisoned, was released from jail without authority and without serving out part of fine, when writ of fieri facias issued under Criminal Code of Practice, sec. 301, was returned "no property found," and since fine inured to city's benefit and under Ky. Stats., sec. 3517, it was city attorney's duty to collect fine, a bill of discovery was proper step under Civil Code of Practice, secs. 439-443, to collect fine.

3. Fines.—Where defendant was convicted in police court of violation of state prohibition law, and on appeal to circuit court was again convicted and fined and imprisoned, suit in the nature of bill of discovery by city to collect fine was properly brought in circuit court, since under Civil Code of Practice, sec. 70, action could be brought in county in which judgment was rendered.

4. Judgment.—In suit by a city in the nature of a bill of discovery in aid of collection of an unpaid fine, where insurance companies as defendant's creditors were garnished and judgment was entered for plaintiff, circuit court was without jurisdiction at following term to set aside judgment and discharge attachment, since judgment could be set aside only as provided by Civil Code of Practice, secs. 344 or 518.

5. Execution.—In suit for a discovery under Civil Code of Practice, secs. 439-443, attachment goes as matter of right without either affidavit, as provided by section 194, or bond usually required for attachments, under section 441.

6. Judgment.—Where circuit court was without power to enter an order setting aside its judgment at a prior term, plaintiff, under

Civil Code of Practice, sec. 763, properly moved court to set aside its void order before appealing to the Court of Appeals.

E. B. WILSON for appellant.

E. F. BAKER and W. J. STONE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee Grant G. Partin was tried in the Pineville police court for a violation of the state prohibition law (Laws 1922, c. 33). He was found guilty. On appeal to the Bell circuit court, he was again found guilty, and his punishment was fixed at a fine of $300 and 60 days in jail. On appeal to this court that judgment was affirmed. Pending this last appeal, the appellee surrendered himself to the jailer of Bell county and served out the 60 days' jail sentence imposed upon him and likewise 15 days on his fine. Without any legal authority, he was released from jail and served out no part of the rest of his fine. After the mandate from this court had been filed in the Bell circuit court, the city attorney of the city of Pineville had a writ of fieri facias issued against the estate of Grant Partin to collect the unpaid part of the above-mentioned fine. Pineville is a city of the fourth class, and, as the prosecution against the appellee, which finally resulted in favor of the commonwealth, originated in the police court of Pineville, the fine under section 3517 of the Statutes, if collected, will go into the city treasury. Further, under that section, it is made the duty of the city attorney to take all steps necessary to collect that fine. That the city attorney was authorized to have the writ of fieri facias issued may be seen from a perusal of section 301 of the Criminal Code of Practice, which reads:

"Upon judgments for fines, whether rendered on indictments, penal actions, or otherwise, writs of execution, as provided in the General Statutes (now Kentucky Statutes) may be issued against the person or property of the defendant."

The case of Commonwealth v. Winchester, 222 Ky. 193, 300 S. W. 606, does not militate against this conclusion. We there held that a defendant laboring under a sentence of a fine and imprisonment at hard labor has the option of paying the fine or of serving it out by imprisonment. In that case, it appeared that Winchester had ex-

ercised his option of serving out his fine, despite which an execution against Winchester's estate to collect that fine had been issued. We held that such an execution under such circumstances was unauthorized. It does not appear, however, in the case now before us, that the appellee Partin exercised his option of serving out his fine in jail, and so, as stated, this Winchester case is not applicable.

In due course of time, the execution issued against the estate of the appellee was returned "no property found." Thereupon this suit, in the nature of a bill of discovery, was brought on August 12, 1926, by the commonwealth, for the benefit of the city of Pineville, against the appellee. In the case of Claryville, Grant's Lick & Butler Turnpike Co. v. Commonwealth, 107 S. W. 327, 32 Ky. Law Rep. 861, it was held that, although an action in the nature of a bill of discovery, prosecuted according to the procedure outlined in sections 439-443 of the Civil Code, could be maintained to collect a fine after a return of "no property found" had been made on an execution issued pursuant to section 301 of the Criminal Code, yet, as no such return had been made in that case, the judgment must be reversed. Here, however, we do have such a return on the execution. It is true that in the Claryville case the opinion intimated that the bill of discovery to collect that fine should be brought by the state auditor in the Franklin circuit court or other court of competent jurisdiction; yet that statement resulted from the fact that the fine there involved inured to the benefit of the commonwealth. Here it inures to the benefit of the city of Pineville, and, by section 3517 of the Statutes, it is made the duty of the city attorney to take all steps necessary to collect that fine. A bill of discovery after a return of "no property found" on an execution is certainly a proper step to take to collect such a fine. Hence the city attorney was authorized under the cited section of the Statutes to bring this suit. It was properly brought in the Bell circuit court, as an action in the nature of a bill of discovery may always be brought in the county in which the judgment is rendered. See section 70 of the Civil Code of Practice.

In this suit for a discovery, a general order of attachment was issued and served on certain insurance companies as garnishees, they owing the appellee some fire insurance money on account of the destruction by fire of some property owned by the appellee. The insurance

companies answered as garnishees, disclosing the amounts due from them to the appellee. This case coming on to be tried at the January, 1927, term of the Bell circuit court, and the appellee having been duly summoned, and having failed to answer or appear, the petition of the appellant was taken as confessed, the attachment was sustained and the attached money was ordered paid over to the appellant. The insurance company, however, paid the attached funds into court. At the succeeding February term of the Bell circuit court, the appellee appeared, and on his motion the judgment entered at the preceding January term was set aside and the attachment was discharged. On the next day the appellant made a motion to set aside this order of the court entered on the preceding day, and, on the court's refusal to do so, the appellant has moved this court for an appeal.

That the lower court was without jurisdiction to enter at the February term the order it did on the appellee's motion is manifest. The judgment entered at the January term was not a void judgment as appellee contends, and, the term having ended, the court could set it aside only as is provided in sections 344 or 518 of the Civil Code. Pinnacle Motor Co. v. Simpson, 216 Ky. 184, 287 S. W. 566; Wobble v. Finch, 110 S. W. 808, 33 Ky. Law Rep. 588. No petition was filed by the appellee as is provided by those sections of the Code, nor were any of the grounds set out in those sections relied upon. The trial court seems to have thought that the judgment was void because no ground for an attachment as provided in section 194 of the Civil Code was set out in appellant's petition. The court evidently overlooked the fact that, in a suit for a discovery pursuant to sections 439-443 of the Civil Code, an attachment goes as a matter of right without either the affidavit or bond usually required for attachments. See section 441 of the Civil Code. Hence it was unnecessary for the petition in this case to state any of the grounds for an attachment provided for in section 194 of the Civil Code. As the court was without power to enter the February order setting aside the January judgment, the appellant properly moved the court to set aside such void order before appealing to this court. Civil Code, sec. 763.

The appellant's prayer for an appeal is therefore sustained, and an appeal granted. The judgment of the Bell circuit court, refusing to set aside the order made at the February term which set aside the judgment entered

at the January term, is reversed, with instructions to set aside that order entered at the February term, leaving in full force and effect the judgment entered at the January term.