## Taylor v. Sowards.

(Decided September 25, 1928.)

## Appeal from Pike Circuit Court.

1. Sheriffs and Constables.—Plaintiff, as clerk of circuit court, entered 190 separate motions against defendant as sheriff for failing to return executions issued from office of clerk, about one half of which were commonwealth cases and the other half civil cases. Held, that the notices or motions filed in civil cases were insufficient; none of them being alleged to have been based on judgments that had been indorsed for the benefit of the officers of the court, as provided by Ky. Stats., sec. 901.

2. Sheriffs and Constables.—Where sheriff merely filed response to 190 separate motions by court clerk against him for failure to return executions, in nature of a plea of payment coupled with allegations that he had returned executions according to law, and that clerk had failed to enter them, not being in form of an answer and counterclaim and not so styled, and in absence of a reply being filed, held, that, in view of Civil Code of Practice, sec. 97, subsec. 4, such response would not authorize judgment for defendant sheriff for counterclaim.

3. Court Commissioners.—Where plaintiff, as clerk of circuit court, entered 190 separate motions against defendant as sheriff for failing to return execution issued from clerk's office, commissioner, to whom matter was referred, in his reports to court recommending dismissal of plaintiff's petition and allowance on defendant's counterclaim of a certain sum and his costs as a single item, without classifying any of various forms of execution or stating what claims were allowed or disallowed, did not follow proper procedure.

4. Sheriffs and Constables.—Where a number of motions against sheriff were made by clerk of court for failure to return executions, the sheriff, desiring to plead any defense, including answer and counterclaim, should do so in a formal pleading, thereafter pleading to an issue and governed by the rule of pleading, though Ky. Stats., sec. 1715, does not anticipate that involved settlement will occur, requiring only notice, motion, and response.

STRATTON & STEPHENSON for appellant.

W. K. STEELE for appellee.

Opinion of the Court by Judge McCandless—Reversing.

W. B. Taylor was the duly elected and acting clerk of the Pike circuit court for the term ending January 1, 1922. R. H. Sowards was the duly elected, qualified, and acting sheriff for the term ending at the same time. At February, 1923, term of the Pike circuit court, pursuant

to notices duly executed and in accordance with the provisions of section 1715, Ky. Statutes, Taylor as clerk, entered 190 separate motions against Sowards as sheriff for failing to return executions issued from the office of the clerk of the Pike circuit court that came to his hands as sheriff; the specific amount claimed in each instance being the amount of the execution with interest and penalties, the aggregate amount claimed being $4,188.46. Of the notices so filed, it appears that something like one-half of the executions were issued in commonwealth cases. It is nowhere alleged that any of the executions issued in the civil cases were based on judgments that had been indorsed for the benefit of the officers of the court as provided in section 901, Ky. Statutes. The latter question was not raised, however, and on February 20, 1923, the defendant in the motions filed the following response:

"Comes now the defendant, R. H. Sowards, and for response to plaintiff's motion for a judgment against the defendant for the various items set out in his notice and motion for response says that he does not owe the plaintiff anything on any of the items set out in his notice and motion. He says the various sums mentioned in said notice and motion includes sheriff's costs and amounts due various litigants and including a great deal more than the clerk's costs. He says that at various times he has made the plaintiff lump sum payments amounting to several hundred dollars, and that he has paid to the plaintiff more than what is due him on the items included in his notice and motion.

"Defendant further avers that he has made a return to the clerk's office showing the disposition of the various executions mentioned, and that plaintiff has carelessly and negligently failed and refused to enter same on the record as provided by law, and that the defendant herein lodged all of the executions referred to by plaintiff in the clerk's office, and that this plaintiff negligently failed to enter same of record. He says there is a settlement pending between defendant and plaintiff involving a vast number of small items, which make it necessary for same to be referred to the commissioner of this court; that the amounts involved are of such a nature that it would be impossible for the jury to hear and determine all of the matters in issue.

"Wherefore defendant prays that an order of reference be made, and that the settlement be referred to the commissioner of this court, and that each of the parties may have the privilege of appearing before said commissioner and offer proof as to the items involved; prays for his cost and all relief."

There was no reply, demurrer, or other objection to this response, and apparently the court referred the matter to the master commissioner, though there is no order to that effect. At any rate the parties appeared before the latter officer, and voluminous proof was taken, and he made the following report to the court:

"After a careful reading of the record in this case, and after checking the numerous items involved, I am of the opinion that plaintiff is not entitled to recover the amount claimed in his petition or any part thereof, and that his petition should be dismissed.

"I am further of the opinion that defendant should recover on his counterclaim the sum of $1,525 and his cost, and I therefore report the above-stated facts as my findings in this case."

Exceptions were taken to this report and overruled, whereupon the court confirmed the report and gave judgment in accordance therewith. Taylor appeals.

1. It will be noted that in civil cases officers' fees are a claim against the party incurring them, and that a fee bill is distrainable. Section 1751, Ky. Statutes. In such proceedings a fee bill is itemized, and its validity may be questioned: Sections 1758, 1759, Ky. Statutes. But there is no provision of the statute authorizing a writ of fieri facias to issue upon a fee bill, and the remedy provided in sections 1758, 1759, would not apply to such writs. Indeed, except as pointed out infra, an execution runs in favor of the successful litigant, both as to the amount recovered and the costs. The collecting officer is authorized to pay the entire amount collected to the execution creditor. True, unpaid fees due by the latter are frequently disbursed by the collecting officer, but this is done as a matter of convenience, and not because the officer to whom the fees are due has an interest in the execution. An exception to the above rule is where the successful litigant is insolvent or in failing circumstances. In such case the court will, upon motion, indorse a recovery of costs for the benefit of the officers and wit-

nesses, and this indorsement is copied on the execution, together with an itemized list showing the amount due, and thereby each acquires an interest in the execution to the extent of his fee. Section 901, Ky. Statutes. Our attention has not been called to any other provision of the statute in this regard, and it is not alleged in the notices or motions that any of the provisions of this section were complied with, and we are constrained to the view that those filed in the civil cases were insufficient. In prosecutions for a felony, the general rule seems to apply without exception, as such fees are a claim against the treasury, and the exceptions noted in section 901 apply only to civil cases. Perhaps a different rule should apply in misdemeanor prosecutions, as the commonwealth is not liable for fees in such cases, and the defendant is adjudged to pay the costs of a continuance in his behalf, and execution may issue on this; and, if convicted, he is liable for all unpaid costs, which may be collected in the same manner as a fine, including the remedy of fieri facias. Section 886, Ky. Statutes. It further appears that no proof was taken showing a compliance with the provisions of section 901, Ky. Statutes, and, but for the fact that the commonwealth cases herein may be misdemeanor prosecutions, a judgment of dismissal could be affirmed on the above grounds. But, as to the latter, the notices seem sufficient, and, as the court treated all the motions as a single entity by dismissing the petition, "a pleading not in the record," this ruling cannot be justified on the pleadings alone.

2. Appellee made no objection to the form or sufficiency of the notices, nor did he question the validity of any of the executions, but on the contrary filed a conglomerate response as set out supra. This seems to be a plea of payment, coupled with the allegation that he had returned the executions according to law, and that appellant had failed to enter them. That paper is certainly not in the form of an answer and counterclaim, and is not so styled (indeed does not allege any indebtedness due appellee). Yet the court treated it as such, and entered judgment in appellee's favor for $1,525. It will be noted that there was no reply filed, and, under well-settled rules of pleading, such response would not authorize a judgment for a counterclaim in defendant's favor. Carroll's 1927 Civil Code, sec. 97, subsec. 4, and cases cited. Clearly this part of the judgment must be reversed.

3. As to whether the facts justified a dismissal of appellant's motions is a matter that we do not desire to determine under the present condition of the record. It will be noted that the commissioner has not classified any of the various classes of executions or referred to the proof on a single motion. His report is entirely similar to that in Farley v. Epling, 217 Ky. 106, 288 S. W. 1041, in which we said:

> "The commissioner made his report to the court. This report is, indeed, no report, since it does not set out what claims of the respective parties the commissioner allowed or disallowed. It simply states that the appellant's petition should be dismissed and the appellee allowed the sum of $2,500 on his counterclaim. But how the commissioner arrived at this conclusion is known probably only to him—certainly not to this court."

Here the record indicates that appellee entered proof as to many fees which he claimed appellant owed him; it not appearing the provisions of section 901, Ky. Statutes, had been complied with in those cases. He also alleged that he had advanced the clerk large sums of money from time to time in anticipation of future fees that he would collect for the clerk. He also claimed many of the executions involved had been issued to other officers. Many of those issued to him and charged to him by the clerk had been returned not found or settled, and a settlement made therefor. He also admitted that he was due the clerk in various amounts on some of the matters involved, and perhaps made other defenses. These matters should have been classified in the light of the above rulings and the facts stated upon which the commissioner based his conclusions. At any rate, in the present condition of the record we are constrained to the view that the case should be reversed and returned to the lower court for proper preparation.

4. It may not be amiss to make a further reference to the pleadings. By section 1715, Ky. Statutes, a summary remedy is afforded against a defaulting officer. It is not anticipated that an involved settlement will occur in such proceedings; hence no pleadings are required except notice, motion, and response. However, where a motion of this character is made or a number of motions are made simultaneously, we see no reason why the respondent may not plead any defense he has, including an

answer and counterclaim. But, if he desires to do this, it should be done in a formal pleading and thereafter the parties plead to an issue and be governed by the rules of pleading. Further, no claim of the character above condemned should be allowed, though the parties may be permitted to show that a lien was given in the judgment as permitted by the statute.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.