## Board of Councilmen of City of Frankfort v. Rice et al.

(Decided June 13, 1933.)

F. M. DAILEY for appellant.
SAMUEL M. ROSENSTEIN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

For want of jurisdiction, a special demurrer was sustained to the petition of the board of councilmen of the city of Frankfort, appellant herein, and, it having declined to plead further, the petition was dismissed. The suit was filed against the appellee L. D. Rice, city marshal, and the surety on his official bond, to recover $4,067.99 on account of his failure to return a number of writs of capias pro fine issued by the police court of Frankfort and placed in his hands for execution. The petition sets up the Statutes, sections 3341 to 3345, defining the duties of the marshal of cities of the third class, and certain sections of the city ordinance pertaining to his duties in relation to the police court. Along with certain enumerations, the ordinance declares it to be his duty to wait upon the court "and perform similar duties therein to those performed by sheriffs in the circuit courts and with like power (he) shall execute all process, rules and orders of and issued by said court; he shall collect all fines, fees, penalties and forfeitures on recognizance and penal bonds recovered in said court; and shall report monthly in writing to the common council showing under their respective heads the amount of fines, fees and costs and commissions collected in such case and when and by whom paid." It is further provided that he shall make settlements as specified in the ordinance. The petition avers that the capiases as listed in the exhibit had been delivered to the defendant marshal to do execution thereon, according to the mandates of the court and to collect the sums of money stated therein, and that the defendant had made no return thereon showing them to have been satisfied. The official bond which had been executed (see sections 186d-1, 3348, 3751 to 3760, Kentucky Statutes) was set up and its breach alleged because of the officer's failure to perform his duties.

After the filing of the suit, the surety paid $2,000 to the city, which was the amount of its liability under the bond, and the case against it was dismissed. The appellant cites a number of cases as supporting its right to maintain the suit in the circuit court on the bond, but they do not seem to be in point, because they are of suits of an altogether different nature. A marshal of a city of the third class in his relationship to the police

court occupies a similar position to that of the sheriff to the circuit court. His duties are substantially the same. A capias pro fine (literally, you take for the fine) is a writ in all respects an execution, running in behalf of the commonwealth for the benefit of the governmental agency or party entitled thereto, for the collection of a fine imposed by judgment. It is a substitute for a fieri facias, carrying with it not only a summary order to collect the money judgment, but to take the defendant into custody and confine him until it is satisfied in the manner provided by law. Criminal Code of Practice, secs. 301, 304, 333; Ky. Statutes, sec. 4245; Faris v. Commonwealth, 42 Ky. (3 B. Mon.) 79; Commonwealth v. Merrigan, 71 Ky. (8 Bush) 131; Commonwealth, for Use and Benefit of City of Pineville, v. Partin, 223 Ky. 405, 3 S. W. (2d) 779. Therefore the statutes relating to defaulting officers who have failed to make returns showing the disposition of executions or other like processes are applicable. Those statutes give a specific remedy and prescribe the procedure to be followed, which is limited to the court whence the process issued; at least that procedure must be observed before any suit may be maintained on the bond in the circuit court. Compare Taylor v. Sowards, 225 Ky. 567, 9 S. W. (2d) 709; Commonwealth, etc., v. Partin, supra.

Section 1715, Ky. Statutes, provides that, when a sheriff or other like officer shall have received any money on any writ of execution or other process, and shall not immediately pay the same to the party entitled thereto or his representative, he shall become liable to him for the amount collected, with 15 per cent. per annum interests and costs. Then follows this provision: ''The remedy shall be by motion or action in the court whence the execution issued.'' Section 1716 provides that, if such officer into whose hands a writ of execution is placed shall fail to return it to the office whence it issued within the specified time ''without reasonable excuse for such failure,'' he and his surety shall be liable to the plaintiff in such execution for the amount and damages of 30 per cent. thereof. Then follows this provision: ''The remedy shall be the same as is given in the next preceeding section.'' See Carmical v. Broughton's Adm'x, 249 Ky. — , — S. W. (2d) — , this day decided.

These statutes clearly establish the remedy, the

774

procedure, and the forum in which the proceeding must be taken. It is a salutary method, in that it permits the court whose processes are involved to have control over them, and gives it the opportunity to investigate any dereliction of its officer. It gives to the officer the opportunity of explaining his failure to make the returns to the court to which they should have been made. It may be that, after the officer's liability has been definitely determined there, further proceedings could be had in the circuit court, but certainly the remedy outlined by the statutes must be first pursued.

The court is of the opinion that the special demurrer was properly sustained.