## Ratliffe v. Jones.

May 27, 1949.

Davies & Hirschfeld for appellant.

R. Howard Smith for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The court is tendered a voluminous and confusing record containing much detail and many irrelevancies. It concerns the settlement of a partnership which operated a large farm.

The case was referred to the master commissioner to ascertain and report several specific facts relating to debts of the partnership and rights and claims of the respective partners. The commissioner reported his taking of evidence, the "delving into the maze of figures presented," and its consideration. He merely stated his conclusion that the defendant, Stephen Jones, should be awarded a judgment on his counterclaim of $2,139.89 and so recommended. The motion of the plaintiff, Mrs. Martha Ratliffe, to rerefer the case to the commissioner

for a more consistent report and with leave to take additional evidence was sustained over the defendant's objection. Thereafter, the commissioner filed another report "reaffirming and readopting" his former one with the specific finding that there were no debts proven against the partnership. The definite part of the commissioner's opinion and conclusion upon the principal issue is the following:

"It is very difficult to arrive in dollars and cents at a correct figure to which this defendant should be entitled, but all factors taken into consideration, and especially the fact that the parties themselves had, a short time previous to the cancellation of their contract, discussed the matter and arrived at a figure of approximately Twenty-one Hundred Thirty-nine and 89/100 ($2139.89) Dollars, indicates to your Commissioner that such figure would not be far from wrong in estimating the sum to which this defendant would be entitled."

However, he added an allowance of an additional sum of $300 as being the defendant's interest in an electric water heater, making the total of his judgment $2,439.89.

Again the plaintiff moved for a rereference to the commissioner for a consistent report and at the same time filed exceptions to the report filed because of its insufficiency and indefiniteness in stated particulars. Thereafter the commissioner and the defendant joined in a motion to correct the report by eliminating the $300 item as being an error, and the motion was sustained. The court overruled the plaintiff's exceptions, affirmed the commissioner's report and entered judgment for $2,139.90 against the plaintiff. The appeal is prosecuted by the plaintiff.

The appellant renews her complaint as to the deficiency of the commissioner's report and her inability to question his conclusions properly and intelligibly. However, some attempt is made to show that they were wrong by an analysis of the figures and accounts.

The order of reference seems to have been sufficient. We think it was the duty of the commissioner to present his findings and the basis of his conclusions in such detail and definiteness that the parties could

make exceptions to specific findings of facts, and the court could act on the case with confidence and dispatch and without having to go into the mass of detailed accounting. Very often many items in dispute are accepted. A vague, uncertain and general report is of little assistance and has been frequently condemned by this court beginning with Bolware v. Bolware, 4 Litt. 256, 14 Ky. 256.

In Farley v. Epling, 217 Ky. 106, 288 S. W. 1041, we condemned a commissioner's report which failed to set out what claims of the respective members of a partnership were allowed or disallowed and merely recommended a judgment for a definite sum. We observed that because of the inadequacy of the commissioner's report this court should not be called on to perform such labor. It is not fair to other litigants or to us. This condemnation was repeated in Taylor v. Sowards, 225 Ky. 567, 9 S. W. 2d 709, where we reversed the judgment and returned the case to the lower court for proper preparation.

We decline to go into the detail accounting of the partnership affairs in the present case and are unwilling to accept the recommendation of the commissioner and the judgment of the court without being able to pass upon the several items or knowing how the conclusion was reached. The appellant was entitled in the circuit court and is entitled in this court to have a definite finding of facts that she may know what particular claims are acceptable or objectionable.

We are therefore constrained to reverse the judgment and remand the case for consistent proceedings.

Judgment reversed.