CASE 55—ACTION BY J. MORGAN GENTRY AGAINST THE CITY OF LEX-
INGTON TO RECOVER FEES AS JAILER OF FAYETTE COUNTY.—OCT. 22.

# City of Lexington v. Gentry.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    JUDGMENT MOD-
IFIED.

CITY—KEEP OF PRISONERS—LIABILITY TO JAILER.

Held:  1. Under Kentucky Statutes, 1899, section 1730, fixing the lia-
           bility of a city for the keep of prisoners confined for a breach of
           the by-laws or ordinances of a city and for the violation of a
           statute where the city gets the benefit of a fine, and section 3155,
           providing that all fines and penalties collected in a police court
           shall be for the benefit of the city, a city is liable for the keep
           of all prisoners convicted in the police court where there is a
           fine imposed and the prisoners are sent to the county jail, though
           section 3151 forbids prisoners for whose maintenance the city
           would be liable from being confined except in the city workhouse.
        2. A county jailer can not refuse to receive prisoners committed to
           his custody by a judgment of the police court of a city, where the
           court had jurisdiction to try the offense and of the person charg-
           ed therewith, though the commitment should have been to the
           city workhouse.
        3. A city is not liable to the sheriff of the county for the keep of
           prisoners committed to his care either for appearance or under
           sentence when a fine constitutes no part of the punishment, un-

City of Lexington v. Gentry.

der Kentucky Statutes, 1899, section 1730, making the city liable for the keep of prisoners where it gets the benefit of a fine.

W. S. BRONSTON, CITY SOLICITOR, FOR APPELLANT.

To sum up our conclusion on the question involved, we find:

1. Under section 143 of the Constitution a police court is established.

2. It has penal jurisdiction concurrent with the magisterial courts.

3. This jurisdiction is limited to a fine not to exceed $100, and imprisonment not exceeding fifty days in jail.

4. The judge of the police court in cities of the second class sits in a dual capacity: (1) To enforce the statutory law within the limits of the city, or to sit as an examining court for offenses committed within the city limits; (2) as a judge of the city to punish infractions against the by-laws and ordinances.

5. Section 3151, Kentucky Statutes, says that all persons convicted in said police court shall be sent to the city jail or workhouse; otherwise, the conclusion follows that the city, receiving no benefit from their confinement in the county jail, shall not be liable for the expense of their board and keeping.

6. The mittimuses under which the prisoners were sent to the courts were signed by the clerk of the police court who had no authority to sign them and conferred no authority on the jailer to receive them.

7. If appellee's contention be sustained in the coming years, cities of the second class will be crushed with the enormous expense in maintaining a city prison and workhouse with a jailer and assistants, and in addition be compelled to pay the county jailer for keeping all the prisoners convicted in the police courts of these cities.

GEORGE C. WEBB, ATTORNEY FOR APPELLEE.

The facts admitted in this case are:

1. That appellee is jailer of Fayette county and has served from January 1, 1898, to January 1, 1902.

2. That during said time a large number of persons were brought before the police court of the city of Lexington in said county, and in default of bail, or upon final conviction, were sent by the court to be confined in the county jail.

3. These orders of commitment ran in the name of the Commonwealth when the offense was against the Commonwealth, and in the name of the city of Lexington when in violation of the city laws.

4. That appellee received and kept said prisoners in the county jail.

.We contend that under the law the city is liable for the keep and diet of prisoners in two cases:

1. When confined for a breach of the by-laws or ordinances of the city.

2. When confined for a violation of a statute where the city gets the benefit of the fine.

### AUTHORITIES CITED.

Constitution, sec. 143; Ky. Stats., secs. 1093, 1730, 3155; Vanfleet on Collateral Attack, sec. 3; Shackelford v. Miller, 9 Dana, 277; McIlvoy v. Speed, 4 Bibb, 85.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

The appellee, J. Morgan Gentry, instituted this action in the Fayette Circuit Court to recover of the city of Lexington (a city of the second class) the sum of $436.50, the aggregate amount of fees claimed to be due him as jailer of Fayette county, for the keep of certain classes of prisoners committed to his custody by the police court of Lexington. The validity of this claim depends upon the construction of the following sections of the Kentucky Statutes:

Section 1730: "The fees of the jailer shall be as follows: . . . For keeping and dieting prisoners in jail, when confined for an offense other than a felony or contempt of court, fifty cents per day; to be paid out of the county levy, unless confined for a breach of the by-laws or ordinances of a city or town, or for the violation of a statute, where the city or town gets the benefit of the fine; in that case to be paid by such city or town. For imprisoning and releasing a prisoner charged with a misdemeanor, sixty cents, to be paid out of the county levy, unless confined for a breach of the by-laws or ordinances of a city or town, or for a violation of statute, where the city or town gets the benefit of the fine; in that case to be paid by such city or town. . . ."

Section 3147: "Said court (police court of cities of the second class) shall have exclusive original jurisdiction in all prosecutions for the violation of the ordinances of the city, and jurisdiction concurrent with the circuit court and justices of the peace of all pleas of the Commonwealth arising within the limits of the city, except cases of felony; and said court shall have power and authority to take recognizances from persons charged with offenses recognizable before said court, to appear and answer the same as the circuit courts have, and a like power to enforce compliance with the same, and as to committing criminal offenders and sending them on for trial. Said court shall have all power given by the general law to examining courts."

Section 3151: "That all persons committed by said court for default of surety for good behavior or to keep the peace, and all others whom the city is bound to maintain when committed to jail, shall be confined in the city workhouse or prison, and they may be compelled to labor as many days, at such sum per day as may be necessary to defray the reasonable cost of their board, to be, from time to time, determined by the mayor and general council."

Section 3155: "All fines and penalties and costs collected in the police court shall be for the use and benefit of the city, and the officer collecting such fines and penalties shall make daily reports of such collections to the treasurer, taking duplicate receipts therefor, one of which shall be delivered to the auditor."

Appellee, in his petition, sets out an itemized account of his claim, showing the names of the prisoners, the offenses with which they were charged, and of which they were convicted, and the number of days they were kept in jail. For appellant it is contended that section 3151 forbids prisoners, for whose maintenance and keep the city would be liable

under section 1730, from being confined, except in the city
workhouse or prison, and therefore it is not responsible for
the maintenance of any prisoners confined in the county jail.
Appellee contends that, as the jailer of Fayette county, it
was his duty to receive and keep any prisoners committed
to his custody by order of the police court; and that he
could not look behind the order of commitment; that, having
kept the prisoners in question, and been put to the expense of
their maintenance, he is entitled to a judgment for the whole
claim sued for.

Section 1730 fixes the liability of the city for the keep of
prisoners confined for a breach of the by-laws or ordinances
of a city or town, or for the violation of a statute, where
the city or town gets the benefit of the fine; and section 3155
provides that "all fines and penalties and costs collected in
the police court shall be for the use and benefit of the city."
It is therefore clear that the city is liable for the keep of
all prisoners convicted in the police court, where there is
a fine imposed, unless section 3151 protects it from such
liability.    Section 2226 of the Kentucky Statutes pro-
vides that "the jailer of each county shall receive and
keep all persons in the jail who shall be lawfully committed
thereto, until they are lawfully discharged.  He shall treat
them with humanity, and furnish them with proper food
and lodging during their confinement. . . ." Where the
court has jurisdiction of the subject-matter and of the per-
son, the judgment can not be questioned collaterally, and
therefore the jailer could not refuse to receive prisoners com-
mitted to his custody by a judgment of the police court,
where the court had jurisdiction to try the offense and of
the person charged therewith.  He could not go behind the
judgment, and determine that the court should have sen-
tenced the prisoner to confinement in the city workhouse.

While we are of opinion that section 3151 clearly requires. the court to sentence all prisoners for whose keep the city is liable to the city workhouse, still this was a matter wholly beyond the control of appellee, and, as these prisoners were sentenced to confinement in the city jail, and were kept by him, as it was his duty to do, the provision of section 1760 fixes the liability of appellant to appellee. But there are a large number of prisoners (for whose keep appellant was made liable by the judgment for which it was not responsible. An examination of the itemized account of appellee's claim shows that many of the prisoners were charged with and convicted of offenses which are not punishable in whole or in part by fine. Section 1730 makes the city liable for the keep of prisoners only in cases where it gets the benefit of the fines, it being doubtless assumed by the Legislature that in the aggregate the fines collected would remunerate the city for the cost of the keep of the prisoners; but it was not intended that the city should be liable for the keep of any prisoners where from the nature of the case it could not, in any way, be remunerated. Appellee's account shows that many of the prisoners were charged with petit larceny, an offense for the punishment of which a fine. constitutes no part, and therefore the city, under the provisions of section 1730, is not liable for their keep by the county jailer, when in his custody either for appearance or under sentence. The same conclusion applies to vagrancy, fugitives from justice, and to all statutory misdemeanors for the punishment of which no fine was or could be imposed. The trial judge should have disallowed the claim of appellee to the extent herein indicated.

Wherefore the judgment is reversed for proceedings consistent with this opinion.