## Bybee v. Woodcock, Jailer.

(Decided March 14, 1928.)

1. Fines.—Provision in Prohibition Act (Acts 1922, c. 33, sec. 10 [Ky. Stats., Supp. 1926, sec. 2554a10]), that persons convicted thereunder not paying fine and costs shall serve at hard labor at $1 per day, held repealed as to rate by Acts 1926, c. 153, secs. 1-5 (Ky. Stats., Supp. 1926, secs. 1377, 1378, 1379-1, 1379-8, 1380), being in conflict with section 4 (Ky. Stats., Supp. 1926, sec. 1379-8), providing that rate for all prisoners placed at hard labor shall be $2 per day, notwithstanding Prohibition Act deals with all prisoners regardless of sex, while Acts 1926, c. 153, secs. 1, 2 (Ky. Stats. Supp. 1926, secs. 1377, 1378), deal only with male prisoners and apply only to cases where hard labor is discretionary with jury, since working statutes (Ky. Stats., secs. 1377-1382, as amended by Acts 1926, c. 153, secs. 1-5) generally control conditions under which prisoners shall work.

2. Fines.—Words "all prisoners placed at hard labor" in Acts 1926, c. 153, sec. 4, amending Ky. Stats., sec. 1379-8, held to include not only those specifically referred to in working statutes (Ky. Stats., secs. 1377-1382, as amended by Acts 1926, c. 153, secs. 1-5 [Ky. Stats., Supp. 1926, secs. 1377, 1378, 1379-1, 1379-8, 1380]), but also all those brought within its provisions by the Prohibition Act (Ky. Stats., Supp. 1926, secs. 2554a-1 et seq.).

J. LEWIS WILLIAMS and J. WOOD VANCE for plaintiff.

V. H. BAIRD for defendant.

OPINION BY CHIEF JUSTICE CLAY—Sustaining motion for temporary injunction.

Terrell Bybee was convicted in the police court of the city of Glasgow of the offense of unlawfully possessing intoxicating liquor, and his punishment fixed at a fine of $100 and 30 days' imprisonment. Having served out his fine at the rate of $2 a day, he brought this suit against the jailer of Barren county to enjoin his further confinement. A temporary injunction having been refused by the judge of the Barren circuit court, he has applied to me, a judge of the Court of Appeals, for an order directing the circuit judge to issue such temporary injunction.

The Prohibition Act of 1922 provides:

"All persons who are convicted under this act, where a jail sentence is inflicted as part of the pun-

ishment, shall serve out the jail sentence at hard labor, and all fines and costs assessed against any person under this act, and not paid or replevied, shall be served out by confinement at hard labor at the rate of one day for each dollar of such fines and costs." Section 10, c. 33, Acts 1922, now section 2554a10, Kentucky Statutes, Baldwin's 1926 Supplement.

At the time of the enactment of the above act, the "working statutes," being sections 1377 to 1382, inclusive, Kentucky Statutes, were in force. Sections 1377 and 1378 are as follows:

"1377. When the punishment for a crime is a fine or imprisonment in the county jail, or both, the jury may, in their discretion, if the defendant is a male, provide in their verdict that the defendant shall work at hard labor until the fine and costs or imprisonment is satisfied, or until both are satisfied.

"1378. When such a verdict is returned, or when the case is tried by the court, a judgment shall be rendered directing that the defendant shall work at hard labor, at the rate of one dollar per day until the fine and costs are paid, or during the time of his imprisonment, or until both are satisfied, as the jury in their verdict may determine."

Section 1379-1 requires the confinement of prisoners whose punishment has been fixed at hard labor either in the county workhouse or on some public works, and gives to the county judge the power to determine the place of working. Section 1379-2 regulates the feeding of prisoners. Section 1379-3 authorizes the renting by the county court of suitable buildings, or camps, in which to keep the prisoners. Section 1379-4 authorizes the appointment of managers and guards to look after the prisoners. Section 1379-5 gives the county court the power to prescribe regulations for the government of prisoners, and the hours they shall work. Section 1379-6 fixes the punishment of prisoners who shall escape. Section 1379-7 regulates the releasing, upon the order of the county judge, from jail and turning over to the manager of a workhouse or work crew prisoners sentenced to hard labor. Section 1379-8 authorizes arresting officers to turn over to the manager of a workhouse or

work crew all male persons arrested under a capias pro fine or other writ, and also provides:

"All prisoners placed at hard labor shall be permitted to satisfy their fines and costs at the rate of one dollar ($1.00) per day."

Section 1380 limits the working period to 8 hours a day, and authorizes the defendant to replevy the fine and costs or whatever part thereof remains unpaid, "after receiving credit of one dollar ($1.00) for each day worked in payment thereof." Section 1381 provides that when not employed, or if no employment can be had, and if not sent to the workhouse, the prisoner shall remain in jail until the imprisonment is satisfied, "and until the fine and costs are paid at the rate of one dollar ($1.00) per day," but the prisoner is given the right at any time to pay or replevy after taking credit "by one dollar ($1.00) for each day he remained in jail in payment of the fine and costs."

At its 1926 session the Legislature passed an act with the following title:

"An act to amend and re-enact sections 1377, 1378, 1379-1, 1379-8, and 1380, Kentucky Statutes, 1922 Edition, all relating to prisoners and punishment thereof by hard labor, fixing duties of county judge in reference thereto, and providing penalties for violation of such duties."

The sections as amended are sections 1, 2, 3, 4, and 5, chapter 153, Acts 1926, and sections 1377, 1378, 1379-1, 1379-8, and 1380, Kentucky Statutes, Baldwin's 1926 Supplement.

With certain changes not material for this controversy, section 1 is substantially the same as section 1377, Kentucky Statutes, above set out. Section 2 simply changes the working rate fixed in section 1378 to $2 per day. Section 3 is as follows:

" 'In all cases in which a court or jury shall provide that the defendant shall work at hard labor until his fine and costs or imprisonment or both are satisfied, the defendant shall be placed in the workhouse, if there be one in the county, or at work upon some public work or road of the county or he may be placed upon the public works of any city or town in the county. The place of working such prisoners

shall be determined by the county judge and it shall be his duty to enter an order on the order book of the county court, specifying the manner in which such prisoner shall be worked and he shall give preference to work on the roads of the county, whenever the weather will permit.' . . . If the county judge shall fail wilfully to perform the duties herein required, he shall be subject to indictment and upon conviction shall be fined not less than one hundred dollars ($100) nor more than $500 for each offense.''

Section 4 is the same as section 1379-8, Kentucky Statutes, with the exception that:

''All prisoners placed at hard labor shall be permitted to satisfy their fines and costs at the rate of $2 per day.''

Section 5 is the same as section 1380, Kentucky Statutes, with the exception that the prisoner may at any time pay or replevy the fine and costs, and receive credit of $2 for each day worked in payment thereof. The act concludes with the following provision:

''All laws or parts of laws in conflict herewith are hereby repealed.''

The case turns on whether the rate at which one convicted of a violation of the Prohibition Act may serve out his fine is $1 or $2 a day, and the solution of this question depends on whether section 2554a10 was repealed as to the per diem rate of labor by section 1379-8, supra. The argument that the rate of labor fixed by section 2554a10, Prohibition Act, was not changed by sections 4 and 5 of the Act of 1926 is as follows: There is no conflict between the two acts because the Prohibition Act deals with all prisoners regardless of sex, while the Act of 1926 deals only with male prisoners, and applies only to cases where punishment by hard labor is discretionary with the jury. It may be conceded that this difference makes the solution of the case somewhat difficult, but there are other considerations that must not be overlooked. When the Prohibition Act was enacted there was no purpose on the part of the Legislature to make the working rate different from that prescribed in the working statutes. On the contrary, the working rate was made the same as that provided in the working statutes. Therefore, the only change intended and

effected by the Prohibition Act was to make the working statutes apply to all violators of the act regardless of sex, and to make hard labor compulsory. The Prohibition Act is silent as to the surrender of prisoners by the jailer, the place where they may be worked, and as to the rules and regulations governing their confinement. Therefore, it is absolutely necessary to resort to the working statutes in order to ascertain the conditions under which all prisoners may be required to work at hard labor. Such is the view taken by this court in the recent case of Commonwealth v. Winchester, 222 Ky. 193, 300 S. W. 606, although the precise question here involved was not then under consideration. Having this view of the question, there is no escape from the conclusion that section 2554a10 had the effect of bringing all prisoners convicted of a violation of the act within the purview of the working statutes. Hence, when the working statutes were amended in 1926, and the working rate changed from $1 a day to $2 a day, the words "all prisoners placed at hard labor" necessarily include not only those specifically referred to in the working statutes, but all those brought within its provisions by the Prohibition Act. It necessarily results that the working rate of $2 a day, which is applicable to "all prisoners placed at hard labor," is in direct conflict with the working rate of $1 per day theretofore provided in section 2554a10 of the Prohibition Act, and that the latter rate was repealed by the 1926 amendment, which provided:

"All laws or parts of laws in conflict herewith are hereby repealed."

In view of the importance of the question, all the members of the court sat with me on the hearing and concur in the conclusion reached.

Wherefore the motion for a temporary injunction is sustained, and the Barren circuit court, or the judge thereof, is ordered to issue an injunction restraining plaintiff's further confinement, and commanding defendant to release him from custody.