## Mack v. City of Mayfield.

(Decided June 2, 1931.)

W. H. HESTER for appellant.

AUBREY HESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming on cross appeal and reversing on original appeal.

Mayfield, the county seat of Graves county, is a city of the fourth class. Though authorized by its charter to do so, section 3528, Kentucky Statutes, it does not main-tain a city jail or workhouse, but exercises the right conferred by section 2228, Kentucky Statutes, to use the county jail by paying the jailer the same fees allowed by the state. The fee for keeping and dieting a prisoner is $1 a day, and for imprisoning and releasing a pris-oner charged with a misdemeanor, 60 cents. Section 1730, Kentucky Statutes.

W. H. Mack was the jailer of Graves county for the years 1926, 1927, 1928, and 1929. During that time he kept and dieted numerous prisoners committed to his keeping by the police court. In lieu of all other fees, the city paid him at the rate of 75 cents a day. Thereafter he brought this suit against the city to recover the bal-ance of 25 cents a day on each prisoner, and the fee of 60 cents for imprisoning and releasing each prisoner charged with a misdemeanor, the whole aggregating the sum of $2,968.60. To the petition the city filed an ans-wer, set-off, and counterclaim. In paragraph 1 it denied certain allegations of the petition. In paragraph 2 it pleaded, in substance, that in January, 1926, the board of council were contemplating the building of a jail or workhouse for the keeping and dieting of its prisoners,

who were convicted of offenses in the police court; that the plaintiff, as an inducement to the city not to incur said expense, and as a means of financial benefit to himself, appeared before the board of council and entered into an agreement with the city of Mayfield whereby he offered to receive, keep, diet, and discharge all of the city prisoners at the rate of 75 cents per day for each prisoner for such services; that, the city in consideration of saving the erection of such building and the keeping and dieting of such prisoners, agreed to and with the plaintiff that it would pay him at the rate of 75 cents a day, this to include the receiving and discharging of the prisoners, to all of which plaintiff agreed, that if it had not been for such agreement, the city would have erected a city jail and have made other arrangements to take care of the prisoners; and that by reason of these facts plaintiff was estopped from charging more than 75 cents a day.

By paragraph 3 the city asserted a counterclaim based on the ground that the plaintiff had detained many prisoners at the rate of $1 per day instead of $2 per day, as provided by statute, and that he had wrongfully collected from the city 75 cents per day for all such extra days the prisoners were wrongfully detained by him after they were legally entitled to be discharged. In his reply plaintiff pleaded that he was overreached in agreeing to 75 cents a day for keeping and dieting prisoners, and that the contract was against public policy and invalid. He further pleaded that in each instance that he confined any prisoner at the rate of $1 a day he did so pursuant to the judgment and capias issued by the police court, which had jurisdiction of the offense and the party, and that during the time that each prisoner was detained at that rate he was placed at hard work on the streets of the city, and the city received the benefit of his services. It was further alleged that, by reason of these facts, the city was estopped from claiming that his fees for keeping and dieting the prisoners for such alleged overtime were invalid. Plaintiff's demurrer to paragraph 2 of the answer, set-off, and counterclaim pleading the contract and estoppel based thereon was sustained. The demurrer to the third paragraph thereof, pleading that plaintiff kept the prisoners longer than authorized by law, was overruled.

The court then sustained the city's demurrer to that portion of plaintiff's reply pleading that all the prisoners were kept pursuant to judgment of the Mayfield police court and capiases issued thereon. Thereupon the parties declined to plead further, and stipulated as follows: "That the plaintiff kept and dieted prisoners for the defendant for an aggregate of 878 days 'beyond the period necessary to satisfy the judgment and cost against them at the rate of $2.00 per day and the defendant has paid to plaintiff 75c for each of said 878 days and that there is included in plantiff's claim an additional charge of 25 cents per day for said total number of days." There-upon the court rendered judgment in favor of plaintiff for the sum of $2,100.60 and costs. From so much of the judgment as sustained the counterclaim for prisoners kept overtime, plaintiff appeals, while the city prosecutes a cross-appeal from that part of the judgment permitting plaintiff to recover anything in excess of the contract rate of 75 cents a day.

The question raised on the cross-appeal is whether appellant was estopped by his agreement to keep and diet the prisoners at the rate of 75 cents a day. In the recent case of City of Winchester v. Azbill, 225 Ky. 389, 9 S. W. (2d) 51, the precise question was before us, and we there held that a contract whereby a county jailer agreed to accept for keeping and dieting city prisoners under authority of Kentucky Statutes, sec. 2228, a different fee from that fixed by section 1730, Kentucky Statutes, as amended by Acts 1920, c. 137, was contrary to public policy, and void, and that the jailer could not estop himself from claiming and recovering full payment for keeping and dieting city prisoners where a part of such compensation was withheld under such illegal agreement. The fact that the agreement in this case was made in consideration of the city's not constructing a city workhouse is not sufficient to alter the rule. The contract being contrary to public policy, the courts will not give it effect on the ground that the consideration is sufficient or by spelling out a waiver or estoppel. It follows that the trial court did not err in holding the defense insufficient.

It remains to determine whether the city's counterclaim should have been sustained. As before stated, the basis of the counterclaim is that a number of prisoners were detained and dieted at the rate of $1 a day instead

of $2 a day as provided by statute, and that the city paid for such overtime at the rate of 75 cents a day. The case does not differ in principle from City of Lexington v. Gentry, 116 Ky. 528, 76 S. W. 404, 25 Ky. Law Rep. 738. There the statute required the police court to sentence all prisoners for whose keep the city was liable to the city workhouse. Instead of complying with this statute the police court committed certain classes of prisoners to the county jail. As the court had jurisdiction of the offense and the person charged therewith, it was held that the jailer could not go behind the judgment and determine that the court should have sentenced the prisoners to confinement in the city workhouse and that the city was liable for the keep of the prisoners committed to his custody. Thus it will be seen that the only difference between the two cases is that in the City of Lexington v. Gentry the police court was without authority to commit the prisoners to the county jail, while in the case under consideration the court was without authority to commit the prisoners for a longer time than could be worked out at the rate of $2 per day. Whether, as between himself and any prisoner detained for a longer time than authorized by the city, appellant could have justified in an action for false imprisonment, we need not determine. It is admitted that in every instance where a prisoner was detained longer than provided by statute the police court had jurisdiction of the offense and the party, and that both the judgment and the capias under which he was committed directed appellant to detain the prisoner until his fine was worked out at the rate of $1 a day as provided by the city charter. Section 3528, Kentucky Statutes. Whether the charter rate of $1 a day was amended by section 4, chapter 153, Acts 1926, now section 1379-8, Kentucky Statutes, providing that "all prisoners placed at hard labor shall be permitted to satisfy their fines and costs at the rate of two dollars ($2.00) per day," is to say the least a close question. Bybee v. Woodcock, 223 Ky. 553, 3 S. W. (2d) 1099. In the circumstances appellant was not required to go behind the judgments and capiases and determine for himself the difficult question presented, but had a right to rely on those documents. As they plainly commanded him to detain the prisoners at the rate of $1 a day until their fines were paid, we think they were sufficient to authorize their detention for that length of time, and to make the city liable for their keep during such time.

It follows that the reply to the counterclaim was sufficient, and that the demurrer thereto should have been overruled.

On the cross-appeal the judgment is affirmed. On the original appeal the judgment is reversed, and cause remanded for proceedings consistent with this opinion.