CASE 75.—PROSECUTION    BY    THE    COMMONWEALTH AGAINST LAWRENCE E. McNUTT FOR SEDUCTION.—May 5, 1909.

# Commonwealth v. McNutt

Appeal from Jefferson Circuit Court, (Criminal Division).

JOSEPH PRYOR, Judge.

From a judgment sustaining a demurrer to the indictment; the Commonwealth appeals.—Reversed.

1.  Seduction—Criminal Responsibility—Subsequent Marriage.— Under Ky. St. 1909, Sec. 1214, providing that one seducing a female under 21 years of age shall be guilty of a felony, but that no prosecution shall be instituted where accused shall have married the female unless he shall without such cause as constitutes ground for divorce deserts her within three years after the marriage, one seducing a female within the statute, and who subsequently marries her, may be indicted and punished, unless he brings himself within the exceptions.

2.  Indictment and Information—Sufficiency—Language of Statute —Exceptions.—Under Cr. Code Prac. sections 122, 136, providing that the indictment shall contain a statement of the acts

constituting the offense, and that the words used in the statute need not be strictly pursued, an indictment charging seduction in the language of Ky. St. 1909, Sec. 1214, providing for the punishment of seduction is sufficient without negativing the existence of the statutory grounds of divorce.

3.  Seduction — Subsequent     Marriage — Abandonment — Prima Facie Case.—One charged with seduction under Ky. St. 1909, Sec. 1214, providing that no prosecution shall be instituted where accused shall have married the female seduced unless he shall, without cause constituting a ground for divorce, desert her within a specified time, may show any ground he had for abandoning the female seduced after his marriage to her, but the prosecution shows a prima facie case by evidence that the female after the marriage behaved toward him properly, and that he abandoned her without apparent cause.

4.  Statutes—Amendment—Identification of Act Amended.—A section of the Kentucky Statutes may be amended by its section number.

5.  Statutes—Amendment—Constitutional Provisions—Identification of Amended Act.—Acts 1906, p. 253, c. 25, entitled "An act to amend section 1214 of the Kentucky Statutes," sets out the words which are added to the section, and then sets out in full the section as amended. A discrepancy occurs between the old section when the words are added to it, as set out in the act and the section as amended as set out in the act. Held, that since the act declares that the section shall read as therein written, the amendment is valid within Const. Sec. 51, providing that no law shall be amended by reference to its title only, but so much thereof as is amended shall be re-enacted and published at length.

JAS. BREATHITT, Atty. General and TOM B. McGREGOR, Asst. Atty. General for appellant.

We submit that the indictment under the authorities cited conforms to Sec. 1214 Ky. Statutes to such a degree that the court below committed a reversible error in sustaining a demurrer thereto. Ky. Statutes Sec. 1214; Davis v. Com., 98 Ky. 708; Cr. Code Sec. 122, 124; Roberson's Cr. Law Sec. 495; Commonwealth v. Wright, 16 Ky. Law Rep. 251; State v. Eckler, 106 Mo. 585; Norten v. State, 72 Miss. 128; Luckee v. State, 33 Texas Cr. Rep. 562.

CHATTERSON and BLITZ for appellee.

POINTS AND AUTHORITIES.

1. The attempted amendment, of Section 1214 Ky. Statutes to be found in Acts of 1906, page 253, is unconstitutional, because the subject of the Act is not expressed in its title. Constitution Sec. 51. In re Barker 116 S. W. page 686.

2. The Legislature has no more power to pass the enabling Act to amend by reference to the section, than it has to amend by such reference. Constitution Sec. 51; Pennington v. Wolfolk, 79 Ky. 13.

3. The amendment does not apply in this case, as this indictment was found after the marriage, and the amendment only provides for those found before.

4. The attempt by this amendment to control the domestic relations of husband and wife, is contrary to the spirit of American institution, and the Constitution of the United States and the States.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Section 1214, Ky. St., is in these words: "Whoever, shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony and, upon conviction thereof, shall be confined in the penitentiary not less than one year nor more than five years. No prosecution shall be instituted where the person charged shall have married the girl seduced, or offer and be willing to marry her, unless he shall willfully and without such cause as constitues a statute ground of divorce to the husband, abandon or desert her within three years after the date of the marriage, and any prosecution shall, upon the request of the defendant, be suspended if the party accused marry the girl seduced before final judgment; but the prosecution shall be renewed and proceed as though no marriage had taken place if the accused shall willfully and without such cause as constitutes a statutory ground of divorce to the husband abandon or desert his wife within three years after the marriage. All prosecutions under this section shall be instituted within four years after the commission of the offense." Laurence E. McNutt was indicted under this statute for seducing Mattie Lee Kesler. It was charged in the indictment that he promised to marry her, and under this promise of marriage seduced her in the year 1907; that in August, 1908,

he married her, and in the same month without cause as defined in the act abandoned and deserted her. The circuit court sustained a demurrer to the indictment on the ground that he had married the girl before the indictment was found. The Commonwealth appeals.

Previous to the act of 1906 (Acts 1906, p. 253, c. 25) the provision of the statute on this subject was as follows: "No prosecution shall be instituted where the person charged shall have married the girl seduced." Under this provision it was held by the court that if the defendant offered in good faith and was willing to marry the girl, and she refused to marry him, there could be no prosecution, and so by the act of 1906 these words were added, "or offer and be willing to marry her." But another mischief had come up. Men in this character of cases would marry the girls seduced as a matter of form and immediately abandon them, thus defeating the obvious intent of the Legislature; and so by the act of 1906 these words were added, "unless he shall willfully and without such cause as constitutes a statute ground of divorce to the husband, abandon or desert her wihin three years after the date of the marriage." The purpose of the Legislature was manifestly to provide that a mere form of marriage should not defeat the prosecution, and it is entirely immaterial whether the marriage takes place before the indictment is found or afterwards. The statute provides, in substance, that no prosecution shall be instituted where the defendant has married the girl unless within three years after the date of the marriage he abandons her without cause for divorce. If the defendant has committed the offense, and he

does not bring himself within the exception, he may be indicted and punished, as a prosecution will lie in every case covered by the statute, which is not by it excepted out of its operation. The statute in providing in what case no prosecution shall be instituted necessarily means that in all other cases prosecutions may be instituted. The indictment follows the language of the statute, and it has been held in a number of cases of this sort that such indictments are sufficient. The defendant may show any ground that he had for abandoning or deserting his wife. But the prosecution will make out a prima facie case when it shows that his wife behaved toward him properly after the marriage, and that he abandoned her without apparent cause. To set out in the indictment all the statutory grounds of divorce to the husband and negative their existence would lead to too great prolixity. This would enlighten the defendant in no respect as to the nature of the accusation against him, and would be of no help to him in making his defense. If any of these grounds exist, this is a matter presumably within his knowledge, and so the general negative allegation following the language of the statute is sufficient Higgins v. Commonwealth, 94 Ky. 54, 21 S. W. 231, 14 R. 729. The indictment contains ''a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case,'' as required by section 122 of the Criminal Code of Practice. Section 136 also pro-

vides: "The words used in a statute to define an offense need not be 'strictly pursued in an indictment, but other words conveying the same meaning may be used." The act of 1906 (see.Acts 1906, p. 253) is not unconstitutional. It has been held in a number of cases that a statute may be amended by its title, and that a section of the Kentucky Statutes may be so amended. City of Paducah, Ex parte, 125 Ky. 510, 101 S. W. 898, 31 R. 170, and cases cited. It is true that in the first part of the act words are set out as added to the statute which are changed in the latter part of the statute, where the statute as amended is set out in full. The reason of this evidently was that the words, "without just cause," were too indefinite, and the act was amended so as to substitute for them "without such cause as constitutes a statute ground for divorce." The amended words were substituted in the latter part of the act where the statute as amended is set out in full, but by oversight the act as it was originally written is left unchanged in the opening clause where the words to be added are set out. When the whole act is read, it is manifest what the Legislature meant. Section 51 of the Constitution provides: "No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length." · Pursuant to this provision, the section as amended is set out in full in the act. The preceding part of the act was merely intended to show how the result was reached. The fact that there is a discrepancy between the old section when the words were added to it which are proposed in the first part of the act and

the section as amended which is set out in the latter part of the act is immaterial. The act declares that the section shall be read as therein written, and this is the law.

Judgment reversed, and cause remanded for further proceedings consistent herewith.