HODNETT *v.* YALOBUSHA COUNTY.

[91 South.  454.  No. 22494.]

1.  SCHOOLS AND SCHOOL DISTRICTS.  *Board of supervisors not empowered to change amount of school superintendent's salary fixed by statute.*

Where the salary of a county superintendent of education is by statute definitely fixed at five per cent. of the school fund of the county, the board of supervisors  has no discretionary power to change the amount allowed by the statute.

2. SCHOOLS AND SCHOOL DISTRICTS. *Allowance by supervisors to county superintendent of less compensation than fixed by statute held not to preclude him from claiming full amount.*

In such case an allowance by the board of less than the amount fixed by statute is not an adjudication binding upon the superintendent, nor is the superintendent estopped from claiming the full payment of amount fixed by the statute.

APPEAL from circuit court of Yalobusha county.

HON. GREEK L. RICE, Judge.

Action by J. R. Hodnett against Yalobusha County. From judgment sustaining demurrer to declaration, plaintiff appeals. Reversed and remanded.

*Creekmore & Creekmore,* for appellant.

The circuit court in sustaining the demurrer held that the issuance of warrants by order of the board of supervisors for the amount shown by the declaration constituted an adjudication by the board of supervisors and that the judgment of the board was final, treating the right of the appellant to his salary as if it were a claim, arising out of contract, against the county. Counsel for appellee relied on two cases from this court to sustain his position, to-wit: *Arthur* v. *Adams,* 49 Miss. 404; *George County* v. *Bufkin,* 117 Miss. 844.

In the case from 49 Miss., the facts were that the board of supervisors of Warren county allowed a claim for two thousand dollars to Adams and Speed and entered an order on its minutes. At a later time and after the adjournment of the board of supervisors they sought to rescind this order. In the litigation arising over this the court held that the claim was a judgment and valid until reversed by an appellate court. This decision was rendered in 1873 at which time one aggrieved by a decision of the board of supervisors had no remedy except by appeal. The claim was one for legal services rendered by Adams and Speed to the county.

In the case in 117 Miss., the facts were that Bufkin had presented a claim for sixty dollars to the board of supervisors of George county for the alleged value of a colt killed in process of dipping. The claim was allowed for forty dollars and thereafter he sued in justice court for sixty dollars. The court held in that case that the judgment of the board of supervisors was a judgment against the county for the amount of forty dollars and as it was not appealed from was final and binding upon the county. It will be remembered that under the statute governing injuries to stock in the process of dipping, in force at the time the injury occurred, there was no liability against the county, but the board of supervisors had power in their discretion to make such allowances for injuries as in their judgment was right and proper.

In both these cases the board of supervisors had discretion as to whether they should allow any sum to the claimant and if they allowed anything they had the discretion further to fix the amount of the allowance. These cases are not applicable to the case at bar, nor are the principles announced therein in point, because, as we think, the board of supervisors had no discretion as to the salary to be allowed the appellant, as the same was fixed by law and was an incident to the office.

Chapter 183, of the Laws of 1916, which is page 269, fixed the salary of the county superintendent of education at five per centum of the school fund, not to exceed eighteen hundred dollars. The declaration alleged that the school fund of Yalobusha county was in excess of thirty-six thousand dollars for each of the years in controversy and therefore the salary for each of the years as fixed by the said law was eighteen hundred dollars.

The last sentence of that statute undertakes to give to the board of supervisors power to suspend the operation of the statute until 1920. As it would take affirmative action on the part of the board of supervisors to suspend the operation of the statute if such suspension is re-

lied upon as a defense, the appellee would have to plead it and could not raise it by demurrer.

It was also urged in the court below that the board of supervisors had discretion as to the amount of the salary of the superintendent of education because certain statutes provide for a deduction from the salary as fixed by law in the event that the superintendent of education failed to visit schools and to perform certain other duties as required by law. It might be that the board of supervisors could make deductions under some circumstances, but they had not such discretion in this case for the declaration alleged and for said term performed all the duties of the said office.

So it seems to us that this case is to be determined by the resolution of the question whether the action of the board of supervisors in allowing a salary at a less sum than that fixed by law and the acceptance thereof by the officer is such final judgment as will bar the claim of the officer or will estop the officer from claiming the balance of salary fixed by law.

This question has been before a number of courts in various forms and so far as we have been able to ascertain the courts uniformly, have held that an officer cannot estop himself from insisting on full payment by having received a less amount than full compensation and is entitled to sue for and receive the balance. *Pitt* v. *Board of Education,* 110 N. E. 612 (N. Y.) ; *McMath* v. *U. S.,* 63 Law Ed. 177, 248 U. S. 151; *Glavey* v. *U. S.,* 45 Law Ed. 1247, 182 U. S. 595; *U. S.* v. *Andrews,* 60 Law Ed. 541, 240 U. S. 90.

One who is entitled to statutory compensation cannot estop himself from insisting on full payment by having received a less amount in full compensation. *Gallaher* v. *Lincoln,* 88 N. W., 505; *Abbott* v. *Hays County,* 11 N. W. 780; 19 Ann. Cases 1073 and note; Annotated cases 1914D-824, Second Column note.

Contracts of a public officer to render services required of him for less than the compensation as provided, are

unenforceable as against public policy. *Bodenhofer* v. *Lyon,* 134 A. L. R. 418 (Iowa) ; *Town of Wesson* v. *Collins,* 72 Miss. 844; *Jackson* v. *Newman,* 59 Miss. 385; *Tupelo* v. *Beard,* 56 Ib. 532; *Mayor* v. *Lefferman,* 4 Gill (Md.) 425, 18 Am. & Eng. Enc. L. p. 214, et seq., 4 Wait's Ac. & Def., 476, 479.

Although there had been settlements from time to time and the court held that as to the three per centum voluntarily paid in, Collins could not recover, yet on suggestion of error it was again held that, as to the five per centum commissions, although there had been settlements from time to time and suit was not brought until after the expiration of the term of office, they were a debt due from the city, not to be retained by the marshal and that as to these commissions fixed by ordinances the marshal could recover.

On the holding in the case of *Town of Wesson* v. *Collins, supra,* we confidently assert that the lower court was in error in overruling the demurrer and that the case should be reversed and remanded.

*Fred H. Lotterhos,* for appellee.

The county superintendent of education must look to the act of 1916, chapter 183, and to the Code of 1906, especially to sections 4498 and 4502, for authority to claim any salary from the county and all of the law must be taken and considered together. And no presumption can be indulged that appellant should have received the maximum salary.

"There is no presumption in law that a public official is to receive a salary." *State* v. *Remore,* Ann. Cas. 1914C. 1114.

We have no difficulty in giving assent to the rule that when a public officer claims compensation for the performance of duties appertaining to his office, either by way of fees or salary, he must be able to support his claim by pointing to some provision of law authorizing him to demand it." *Peterson* v. *Butte,* Ann. Cas. 1913B, 538.

That the legislature intended to invest the board of supervisors with discretion in matters relating to the payment of salary of the county superintendent of education, is clearly shown by a reading of chapter 125 of Code of 1906, and by reading chapter 183, of acts of 1916, in which act the discretion is with the board of supervisors to even suspend the provisions of that act entirely.

The courts must look to the statute itself for the legislative intent and cannot make law by judicial construction. *Abbott* v. *State,* 106 Miss. 340. "In construing statutes, the court should look to the legislative intent and the spirit and purpose of the statute and for that purpose the entire legislation on the subject should be considered." *Holly Springs* v. *Marshall County,* 104 Miss. 752.

The board of supervisors, in passing upon the claim of appellant each month, had all of the facts and law before them and their finding on the facts and law was shown by orders of allowance of the amounts found to be due under the facts and law, shown in the declaration filed in this suit. If the board of supervisors, after hearing proof of neglect of the county superintendent in visiting schools and in making his reports, and had been convinced of the truth of these facts, it could not have allowed him the maximum salary but would have been compelled to have allowed a smaller salary than is the maximum as fixed by chapter 183 of the Laws of 1916, and any other allowance would have been void.

To allow an account which is forbidden by law must be void. *Supervisors* v. *Klien,* 51 Miss. 813. If the board of supervisors were compelled to allow the maximum amount of salary each month as fixed by chapter 183, of the Acts of 1916, and if their duty in this regard was only ministerial and not judicial, and if the board had no discretion in the matter, then the chapter 183 of the Law of 1916, renders the provisions of sections 4498 and 4502, of the Code of 1906, is of no force and effect. If sections 4498 and 4502 are to be given any force and effect, then the board

of supervisors, in passing upon claims for salary of the county Superintendent of education were necessarily compelled to exercise judicial functions.

Certainly these sections (4498 and 4502) contain wise provisions for the securing to the children of the county the services of a superintendent and a performance of duty by the county superintendent and ought, therefore, to be rigidly enforced. In fact, without the enforcement of these sections, it would be impossible to secure to the children of the county a uniform school system.

The declaration in this suit shows that appellant had monthly settlements with the board of supervisors of the county during the period of which a balance of salary is claimed; that certain allowances were made each month by the board of supervisors; that such allowances were accepted by appellant and retained by him, and that appellant has waited four to five years to bring his action for the balance claimed by him now. The orders of the board by which allowances were made, as shown by the declaration were final and appellant cannot accept and retain the amounts allowed by the board of supervisors and then bring his suit for the balance.

"Where a board of commissioners acts in a judicial capacity, it has been held that in the exercise of such powers it is to be treated as a court and, accordingly its orders cannot be collaterally impeached and that the principles of former adjudication are applicable." 7 R. C. L. 942. The judgment of a board of police, like that of any other tribunal of competent jurisdiction, is final until reversed. *Arthur* v. *Adam and Speed,* 49 Miss. 411.

Under Code of 1906, section 311, requiring presentment of claims to the board of supervisors and providing for an appeal from their judgment, where plaintiff filed a claim for damages to a colt by dipping, and the claim was allowed in part by the board and there was no appeal, such judgment of the board became final and plaintiff could not thereafter sue for the full amount of his claim. *George County* v. *Bufkin,* 117 Miss. 844.

The circuit court of the second district of Yalobusha county did not err in sustaining the demurrer of the appellee to the plaintiff's declaration nor in entering judgment dismissing appellant's suit.

The fixing of the salary is not by an inflexible rule. See *Cole* v. *Humphrics,* 78 Miss. 163. The underpayments, if any, were for a series of months ranging from two and one-half years to five years before suit was brought. If there was no accord and satisfaction, is there not an estoppel? *Waterworks Company* v. *Railroad Company,* 102 Miss. 504; *Paulson* v. *Ward,* Ann. Cas. 1914D, 812, C. P. 825, et seq.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Yalobusha county, sustaining a demurrer to the declaration filed by appellant, Hodnett, suing the county for a balance of eight hundred and fifty dollars claimed to be due him on his salary as county superintendent of education during the period from January, 1916, to January, 1920.

The declaration alleged that the appellant, Hodnett, served as county superintendent of education for the term of four years, and faithfully performed all of the duties of the office; that the school fund of the county for each of the years of his incumbency as superintendent was in excess of thirty-six thousand dollars, and that by virtue of chapter 183, Laws of 1916, his salary was fixed at five per centum of the school fund, but not to exceed one thousand, eight hundred dollars per annum; that from April to August, 1916, he received one hundred dollars per month as salary, and from September, 1916, to August, 1918, he received a salary of one hundred and twenty-five dollars per month, or a total of three thousand, five hundred dollars for the period of twenty-nine months, whereas his lawful salary for the twenty-nine months, as fixed by the statute, was four thousand, three hundred and fifty dollars, a differ-

ence of eight hundred and fifty dollars, which is claimed as a balance due him by the county.

The demurrer was sustained upon the grounds: First, that the board of supervisors, by orders on its minutes, made monthly allowances of the salary to the appellant, and such allowances were final adjudications; and, second, that the amount of monthly salary to be paid the county superintendent within the limit fixed by law is committed to the discretion of the board, and the amount allowed each month was in the exercise of a judicial function and final.

The single question for our determination is whether or not the board of supervisors is empowered with a discretion in allowing the salary of the superintendent of education, where the statute definitely prescribes the amount to be paid for his services.

Chapter 183, Laws of 1916, page 269, fixes the salary of the county superintendent of education at five per centum of the school fund of the county, not to exceed one thousand, eight hundred dollars per annum. The declaration alleged that the school fund of Yalobusha county was in excess of thirty-six thousand dollars for each of the years in controversy; therefore the salary for each of the years was certainly fixed by the law at one thousand, eight hundred dollars. This being true, we do not think the board of supervisors had the discretionary power to change the amount so fixed by the statute, and the orders of the board, allowing a less amount than one hundred and fifty dollars per month as salary for the superintendent, was not an adjudication binding upon the appellant.

The rule is well settled that an officer cannot estop himself from claiming full payment of his salary as fixed by statute. The reason of the rule seems to be based upon public policy. Therefore the appellant was within his legal rights in demanding the balance of eight hundred and fifty dollars due him as salary for the period mentioned.

The statute mentioned above, which fixes the salary of the superintendent upon a five per cent. basis of the school fund, provides for the suspension of its own operation, but

affirmative action would be required to suspend the statute, which does not appear in this case. It also appears from other statutes on the subject that the salary of the superintendent, as fixed by law, may be reduced by deduction where the superintendent fails to visit schools and perform certain other duties required by law, and it may be that the board could make deductions under certain circumstances; but it had no discretion or power to make deductions in this case, because the declaration alleges "and for said term performed all the duties of the said office," and this is admitted to be true by the demurrer.

The statute having fixed with certainty the amount to be paid as salary to the appellant as superintendent, there was no judicial function to be exercised by the board of supervisors in making the monthly allowances, because the amount to be paid was already determined, and the duty of the board in paying the salary was merely ministerial. There is nothing in the declaration, nor, we assume, upon the minutes of the board, affirmatively showing any facts under the law which warranted deductions from the amount fixed by the statute.

The views expressed above are sustained by all of the authorities, a few of which we here cite: *Pitt* v. *Board of Education,* 216 N. Y. 304, 110 N. E. 612; *MacMath* v. *U. S.,* 248 U. S. 151, 39 Sup. Ct. 31, 63 L. Ed. 177; *Glavey* v. *U. S.,* 182 U. S. 595, 21 Sup. Ct. 891, 45 L. Ed. 1247; *U. S.* v. *Andrews,* 240 U. S. 90, 36 Sup. Ct. 349, 60 L. Ed. 541; *Gallaher* v. *Lincoln,* 63 Neb. 339, 88 N. W. 505; *Abbott* v. *Hayes County,* 78 Neb. 729, 111 N. W. 780; *Bodenhofer* v. *Hogan,* 142 Iowa, 321, 120 N. W. 659, 134 Am. St. Rep. 418, 19 Ann. Cas. 1073, and note; Ann. Cas. 1914D, 824, second column note; *Town of Wesson* v. *Collins,* 72 Miss. 844, 18 So. 360, 917.

The judgment of the lower court, sustaining the demurrer, is reversed, and the case remanded.

*Reversed and remanded.*