## Rogers, Jailer of Madison County v. Madison County Fiscal Court.

(Decided February 22, 1924.)

### Appeal from Madison Circuit Court.

Prisons—Jailer's Fees for Keeping Prisoners $1 Per Day in All Counties.—Under Ky. Stats., section 1730, as amended by Acts 1920, c. 137, section 1, jailer's fee in all counties for keeping and dieting prisoners, is $1 per day, though the first paragraph of the amendatory act states that section 1730 is amended by adding thereto a provision that in counties having cities of the first class the fee shall be $1 per day.

JAMES PARK and GEORGE T. ROSS for appellant.

J. P. CHENAULT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Section 1730, Kentucky Statutes, prior to its amendment in 1920, fixed jailer's fees in all counties for keeping and dieting certain prisoners at 75 cents per day.

The single question presented by this appeal is whether by the amendment (chapter 137 of 1920 acts) that fee was increased to $1.00 per day for jailers in all

counties, or only for jailers in counties having therein
a city of the first class.

The first paragraph of the act states that section
1730 of the statutes is amended by adding thereto a pro-
vision that in counties having cities of the first class the
fee shall be $1.00 per day. But after setting out this
provision to be added to the old law, the act continues:
"So that said section as amended is re-enacted and shall
read as follows:

> " 'Section 1730. The fees of jailers shall be as
> follows:  .  .  .  For keeping and dieting prisoners
> .  .  .  one dollar ($1.00) per day, etc.: Provided
> that in counties having in their boundaries cities of
> the first class the charge  .  .  .  shall be one dol-
> lar ($1.00) per day.' "

Hence the first part of the act clearly indicates a
purpose to change the fee only in counties having first
class cities, but the section as amended, re-enacted and
set- out in full, just as clearly increases the fee to $1.00
in all counties.

The title is broad enough to permit though it does
not indicate either construction.

The question then is, which portion of the act ex-
presses the final legislative purpose, and to that ques-
tion there is upon both reason and authority but one
answer.

In Commonwealth v. McNutt, 133 Ky. 702, 118 S. W.
978, practically the same question was presented and dis-
posed of thus:

> "It is true that in the first part of the act words
> are set out as added to the statute which are changed
> in the latter part of the statute, where the statute
> as amended is set out in full. The reason of this
> evidently was that the words, 'without just cause,'
> were too indefinite, and the act was amended so as
> to substitute for them 'without such cause as con-
> stitutes a statute ground for divorce.'
>
> "The amended words were substituted in the
> latter part of the act where the statute as amended
> is set out in full, but by oversight the act as it was
> originally written is left unchanged in the opening
> clause where the words to be added are set out. When
> the whole act is read, it is manifest what the legisla-
> ture meant. Section 51 of the Constitution provides:

'No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended, or conferred, shall be re-enacted and published at length.' Pursuant to this provision, the section as amended is set out in full in the act. The preceding part of the act was merely intended to show how the result was reached. The fact that there is a discrepancy between the old section when the words were added to it which are proposed in the first part of the act and the section as amended which is set out in the latter part of the act is immaterial. The act declares that the section shall be read as therein written, and this is the law.''

To the same effect are Board of Penitentiary Comrs. v. Spencer, 159 Ky. 255, 166 S. W. 1017; Gilbert v. Georgia Railroad & B. Co., 104 Ga. 412, 30 S. E. 673; Loper v. State, 82 Minn. 71, 84 N. W. 650.

Moreover the very form of this act when considered as a whole and in the light of common knowledge of legislative procedure at once suggests that when introduced it provided only for increasing the fee in counties having cities of the first class, but that before passage it was amended so as to extend the increase to all counties. And this view is fully confirmed by reference to the journals of the house and senate.

We therefore conclude the act fixes the fee at $1.00 per day for jailers in all counties.

As the lower court held otherwise, the judgment is reversed for proceedings not inconsistent herewith.