## City of Elizabethtown, et al. v. Lanz.

(Decided June 19, 1925.)

## Appeal from Hardin Circuit Court.

1. Statutes—Legislature May Amend and Re-enact an Act Theretofore Amended and Re-enacted, if New Act Complete in Itself.—Legislature may, in absence of constitutional prohibition, validly amend and re-enact an act theretofore amended and re-enacted, if provisions of new act are independent and complete in themselves.

2. Statutes—Title and Body of Amendatory Act Classifying Elizabethtown as City of Fourth Class Held Valid and Constitutional.—Both title and body of Acts 1924, chapter 82, classifying Elizabethtown as a city of fourth class, thus amending and re-enacting a prior act, which in turn amended and re-enacted Kentucky Statutes, sections 2740, 2741, held to fully comply with Constitution, section 51, provisions of act not only being independent and complete in themselves but expressly repeal all other classification laws in conflict therewith.

3. Statutes—Latter Paragraph, Expressing Purpose of Act in Full, Held Final and Controlling.—Though first paragraph of Acts 1924, chapter 82, indicates purpose is simply to add Whitesburg to list of fifth class cities, held that latter paragraph, setting out act in full as amended, in which Whitesburg is not only placed in fifth class, but Elizabethtown is changed from fifth to fourth class, is final expression of legislative purpose and controlling.

D. M. COOPER for appellants.

H. L. JAMES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The single question presented by this appeal from a judgment enjoining enforcement of a city improvement ordinance is, as counsel agree, whether Elizabethtown is a city of the fourth class, as held by the lower court, or a city of the fifth class, as contended by appellants.

This depends, as counsel also agree, upon whether chapter 82 of the 1924 Acts is valid, since that act, the last on the subject, classifies Elizabethtown as a fourth and not a fifth class city.

The invalidity of this act is asserted because of the following facts: In the general classification act of 1920, Elizabethtown is listed among fourth class cities, and not otherwise. This act is embraced in sections 2740 and 2741 of the 1922 edition of the Carroll's statutes. By an act of the 1922 session of the legislature, those sections of the statutes were amended and re-enacted, and,

among other changes, Elizabethtown was reduced from the fourth to the fifth class. Ignoring this latter fact, the 1924 act again amended and re-enacted sections 2740 and 2741 of the 1922 edition of the statutes, and thereby again placed Elizabethtown among fourth class cities, as did those sections of the statutes, rather than in the fifth class as in the 1922 amendment thereof.

In other words, the question is: May the legislature validly amend and re-enact an act theretofore amended and re-enacted? That it may do so in the absence of constitutional prohibition, if the provisions of the new act are independent and complete in themselves, is sustained by reason as well as by the decided weight of authority. 36 Cyc. 1055; 26 R. C. L. 906. There not only is no prohibition of such action in our Constitution, but this act, besides being complete in itself, complies fully with every constitutional requirement. Its title reads:

"An act to amend and re-enact sections 2740 and 2741 of article 1, chapter 89, Kentucky Statutes, Carroll's edition of 1922, relating to the classification of cities and towns."

The sections of the statutes referred to contain a full and complete classification of all the cities and towns in the state. Hence the title of the 1924 act not only fully complies with section 51 of the Constitution, but is sufficiently comprehensive to cover any changes the legislature might desire to make in the classification of cities and towns in the state.

The first paragraph of the body of the act reads:

"Be it enacted by the General Assembly of the Commonwealth of Kentucky: That section 2740 (Carroll's edition 1922), entitled classification of cities and towns, be amended by adding after the word 'Brooksville,' 'Bracken county' in cities of the fifth class the words 'Whitesburg, Letcher county;' so that when amended and re-enacted said act shall read as follows."

Then follows classified lists of all of the cities and towns in the state. The act closes with the statement that:

"All acts or parts of acts inconsistent herewith are hereby repealed."

It is, therefore, perfectly clear that the body, as well as the title of the act, fully complies with section 51 of the Constitution, that neither is violative of any constitutional requirement, and that the provisions of the act are not only independent and complete in themselves, but expressly repeal all other classification laws in conflict therewith.

Hence the act is not invalid, and the only possible criticism thereof is that the legislature, in the paragraph quoted above, indicated a purpose simply to add Whitesburg to the list of fifth class cities, whereas, in setting out the act in full as amended, Whitesburg is not only placed in the fifth class but Elizabethtown is changed from the fifth class to the fourth class, and possibly other changes are made not indicated in the first paragraph.

That the latter is the final expression of the legislative purpose and controlling, is firmly established. Commonwealth v. McNutt, 133 Ky. 702, 118 S. W. 978; Board of Penitentiary Com'rs v. Spencer, 159 Ky. 255, 166 S. W. 1017; Rogers, Jailer v. Madison Co. Fiscal Court, 202 Ky. 213, 259 S. W. 38.

It follows that Elizabethtown is a city of the fourth class, and that judgment must be affirmed, and it is so ordered.