## City of Winchester v. Azbill.

(Decided June 8, 1928.)

### Appeal from Clark Circuit Court.

1. Prisons.—Under Ky. Stats., section 1730, as amended by Acts 1920, c. 137, a city of the fourth class is required to pay county jailer $1 per day for keeping and dieting city prisoners, since the statute applies to all counties, whether having within their boundaries cities of the first class or not.

2. Statutes.—Acts 1920, c. 137, amending Ky. Stats., sec. 1730, increasing fees of jailers in all counties for keeping and dieting prisoners, held not to violate Constitution, sec. 51, providing that no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in title, since title is

broad enough to permit construction that statute applies to all counties, though first part of act indicates purpose to change fee only in counties having first-class cities.

3. Prisons.—That city under Ky. Stats., sec. 3528, had right to maintain a workhouse, did not give city and county jailer right to contract for keep of city prisoners at rate other than that fixed by Ky. Stats., sec. 1730, as amended by Acts 1920, c. 137, either before or after services were performed, since office of jailer is "constitutional office," and Constitution, sec. 106, requires that fees of county officers shall be regulated by law.

4. Prisons.—Contract whereby county jailer agrees to accept for keeping and dieting city prisoners, under authority of Ky. Stats., sec. 2228, a different fee from that fixed by section 1730, as amended by Acts 1920, c. 137, is contrary to public policy and void.

5. Prisons.—County jailer could not estop himself from claiming full payment for keeping and dieting city prisoners, under authority of Ky. Stats., sec. 2228, as fixed by section 1730, as amended by Acts 1920, c. 137, and where part of such compensation was withheld under an illegal agreement he could recover the same.

TURNER & CREAL and MARCUS C. REDWINE for appellant.

BENTON & DAVIS and RODNEY HAGGARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant is a city of the fourth class and during the years 1922, 1923, 1924, and 1925, appellee was the jailer of Clark county, in which the city of Winchester is located. The city of Winchester had no workhouse or city jail and during appellee's term of office the judge of the police court of the city committed to the county jail all prisoners convicted of offenses where the city was entitled to the fines. At the end of each month during his term of office the appellee presented to the city authorities his claim for keeping and dieting such prisoners at the rate of 75 cents per day for each. His claims were approved and paid at the rate specified by him in his account.

After his term of office expired, conceiving that he had been in error in claiming compensation at the rate of 75 cents per day for each city prisoner, and that under the law he was entitled to $1 per day, he brought this action to recover $1,854.75, alleging in his petition that he kept and dieted city prisoners for a period of 7,419 days and that he was entitled to an additional 25 cents for each day.

A demurrer to the petition was overruled and the city filed an answer in which it set up a number of defenses and a demurrer to each paragraph of the answer having been sustained, and, the city having declined to plead further, judgment was entered for the plaintiff for the full amount claimed less a small amount barred by limitation.

The grounds urged in this court for a reversal are: (1) That the act to amend section 1730, Kentucky Statutes, being chapter 137 of the Acts of the General Assembly of 1920, has no application to cities of the fourth class, and, if intended to apply to such cities, is in contravention of section 51 of the Constitution; (2) the demurrer was wrongfully overruled to the plea of accord and satisfaction; (3) under its charter appellant had the option either to maintain its own jail or to commit its prisoners to the county jail, and, having such option, it was a matter of contract between it and the county jailer as to the rate to be charged when its prisoners were committed to the county jail, and the act of 1920 did not nullify such option; (4) the contract between the appellant and the appellee in which the appellee agreed to keep and diet city prisoners at the rate of 75 cents per day was valid.

Prior to its amendment in 1920, section 1730, Kentucky Statutes, fixed jailers' fees in all counties for keeping and dieting certain prisoners at 75 cents per day. By the act of 1920 that fee was increased to $1 per day for jailers in all counties. The contention that the act of 1920 does not affect the fees of jailers except in counties having within their boundaries cities of the first class, and that it has no application to cities of the fourth class, and the further contention that the act violates section 51 of the Constitution, were in effect disposed of in Rogers v. Madison County Fiscal Court, 202 Ky. 213, 259 S. W. 38, wherein this court said:

"Hence the first part of the act clearly indicates a purpose to change the fee only in counties having first-class cities, but the section as amended, re-enacted and set out in full, just as clearly increases the fee to $1 in all counties. The title is broad enough to permit though it does not indicate either construction."

The remaining grounds urged by appellant for reversal will be considered together. Section 3528, Ken-

tucky Statutes, gives a city of the fourth class the option to maintain its own jail or to have its prisoners committed to the county jail. The act of 1920 did not affect this provision in the charter of cities of the fourth class. Appellant still had the option either to maintain its own jail or to commit its prisoners to the county jail and the jailer could not refuse to receive such city prisoners as were committed to his custody. City of Lexintgon v. Gentry, 116 Ky. 528, 76 S. W. 404. The mere fact that appellant had the right to maintain a workhouse did not give the parties the right to contract for the keep of city prisoners at a rate other than that fixed by statute either before or after the services were performed. The office of jailer is a constitutional office and section 106 of the Constitution requires that the fees of county officers shall be regulated by law. The fees of the jailer have been fixed by statute, and, as these fees constitute his salary, they cannot be varied by contract. It is a well-established rule in this and other jurisdictions that a contract whereby a public officer whose compensation is fixed by statute agrees to accept for his official services a different compensation is contrary to public policy and void. Some of the cases from other jurisdictions so holding are Pitsch v. Continental & Commercial National Bank, 305 Ill. 265, 137 N. E. 198, 25 A. L. R. 164; Bodenhofer v. Hogan, 142 Iowa 321, 120 N. W. 659, 134 Am. St. Rep. 418, 19 Ann. Cas. 1073; Rhodes v. City of Tacoma, 97 Wash. 341, 166 P. 647; Scott v. Scotts Bluff County, 106 Neb. 355, 183 N. W. 573; Gallaher v. City of Lincoln, 63 Neb. 339, 88 N. W. 505; Hodnett v. Yalobusha County, 128 Miss. 772, 91 So. 454. As said in Town of Nortonville v. Woodward, 191 Ky. 730, 231 S. W. 224:

> "It is a general rule that an agreement by an officer to accept less than the fixed salary of an office to which he is elected or appointed for his compensation is void, as against public policy."

The reason for this rule is especially apparent in the case of jailers. One of the important duties of the jailer is to properly care for and diet prisoners committed to his care and the fees allowed him are an incentive to the faithful performance of such duty. If he should be permitted to contract with a city to keep and diet its prisoners at a rate less than that fixed for state and county prisoners, the temptation would be present to less faith-

fully perform this duty as to all the prisoners, and thus defeat the purpose of the Legislature in fixing the fees at a stated sum. City of Newport v. Ebert, 111 S. W. 330, 33 Ky. Law Rep. 820. The Legislature undoubtedly had such a contingency in view when sections 2227 and 2228 of the Kentucky Statutes were enacted. Section 2227 reads in part:

"The United States shall have the right to use the jail of any county by paying the jailer the same fees, allowed by the laws of this state."

Section 2228 reads:

"Any city or town shall have the right to use the jail of the county in which it is situated by paying the jailer the same fees allowed by the state, and a jailer shall receive and confine in jail, until lawfully discharged, all persons committed for a violation of the laws or ordinances of any city or town."

The rule is equally well settled that an officer cannot estop himself from claiming full payment of his salary as fixed by statute, and where part of his salary has been withheld under an illegal agreement, recovery is allowed. Cases, supra.

An agreement by a public officer to accept less than the fees or salary prescribed by law being contrary to public policy, the courts should not give effect to it by spelling out a waiver or estoppel.

The case of Second National Bank v. Ferguson, 114 Ky. 516, 71 S. W. 429, 24 Ky. Law Rep. 1298, is not in conflict with the views herein expressed. In that case an officer accepted a lump sum as compensation for both official and personal services, but the sum accepted was greater than the amount of his official fees.

We therefore conclude that appellant's answer failed to state a defense to appellee's cause of action and that the trial court properly sustained the demurrer thereto.

**Judgment affirmed.**