### Kirkman, Sheriff, v. Williams' Ex'r.

(Decided Dec. 13, 1932.)

E. J. FELTS and BAILEY P. WOOTTON, Attorney General, for appellant.

COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The problem presented by this record was produced by apparent inconsistencies in two acts of the General Assembly enacted at its last session.

Prior to 1932, it was provided by section 4148, Kentucky Statutes, that taxes unpaid on the 31st day of December after becoming due should be deemed delinquent, bear interest thereafter at the rate of 6 per cent. per annum, and be increased by a penalty of 6 per cent. added as of that date. It further provided that any taxpayer, who paid his tax on or before September 1st of the year it was due, should be entitled to a discount of 2 per cent. thereon. In 1932 the General Assembly passed two acts amending section 4148. One of them was House Bill No. 452, which now constitutes chapter 129 of the Acts of 1932. The other was Senate Bill No. 306 and constitutes chapter 148 of the Acts of 1932. The history of these two acts, we learn from the Legislative Digest, is this:

House Bill No. 452 was introduced on January 29th by Mr. Wigginton, of McLean county, and was referred to a committee. On February 3d it was reported favorably, given its first reading, and placed in the calendar. On the next day it was read the second time and placed in the orders of the day. On February 9th it was read the third time and passed. It then went to the Senate, where it was passed on March 3d. It was enrolled on March 9th, signed by the President of the Senate, and the Speaker of the House, and sent to the Governor. It was neither approved nor disapproved by the Governor.

Senate Bill No. 306 was introduced on February 3d by Senator Lloyd, of Jefferson county, and referred to a committee. On February 9th it was reported favorably, read the first time, and placed in the calendar. The next day it was read the second time and placed

in the orders of the day. It was read the third time, and passed on February 11th. On February 15th it was received by the House and referred to a committee, which made a favorable report. On March 1st it was given its first reading and placed in the calendar. It was read the second time on March 2d, and placed in the orders of the day. It was finally passed on March 7th, enrolled on March 10th, signed by the presiding officers of the two Houses, and sent to the Governor. It was neither approved nor disapproved by the Governor. Both acts became effective ninety days after the adjournment of the General Assembly. Constitution, sec. 55.

The purpose of chapter 148 was to amend the law so as to enable the taxpayer to pay his taxes in installments, and to authorize the sheriff to receive and receipt for such partial payments. It did not purport to change the date when the penalty should be added, or the date when the right to a discount should cease. But in order to comply with section 51 of the Constitution, the statute which was amended had to be republished in full. And so section 4148, as it stood before the amendment, was republished with the proviso added by chapter 148, permitting taxes to be paid in installments. Chapter 129 of the Acts of 1932 amended several sections of the Statutes, including section 4148. The amendments to section 4148 advanced the date when the penalty should be added to the last day of February after the taxes became due, and changed the date limit on discount from September 1st to November 1st of the year in which the tax was payable. The purpose of chapter 129, in so far as section 4148 was concerned, was merely to change those two dates to give the taxpayers more time. The section, however, was republished in full as amended in order to comply with the requirements of the Constitution.

The question now raised concerns the effect of chapter 148 on the portion of chapter 129 amending section 4148. It was thought that a necessary conflict existed between the acts, and since chapter 148 was passed by the Legislature after chapter 129, doubt arose as to which one was to prevail. The sheriff felt impelled, as a matter of caution, to enforce the provisions of chapter 148 fixing December 31st as the dead line for the payment of taxes without penalty. The circuit court enjoined the sheriff from collecting any

penalty until after the last day of February, as authorized by chapter 129.

In the light of the history which we have given, no real conflict exists between the two acts, and both may be given full effect, thus carrying out the obvious intention of the General Assembly. It is indisputable that the General Assembly desired to advance the date to November 1st during which discount on taxes should be allowed; and to postpone the penalty on delinquents until the last day of February after the taxes became payable. Equally clear was the intention of the Legislature to permit the payment of taxes in installments. Notwithstanding the apparent conflicts contained in the two acts, the purpose of the Legislature must be permitted to prevail. It is the duty of the court to construe the acts in the light of reason, and to avoid an interpretation that would lead to absurd results. Inconsistencies must be reconciled and incongruities removed. The purpose of an enactment must be considered to determine what was accomplished by it. The duty of the court is to give effect to the will, not the words, of the Legislature. Neutzel v. Ryans, 184 Ky. 293, 211 S. W. 852; Lawson v. City of Greenup, 192 Ky. 268, 232 S. W. 383; City of Elizabethtown v. Lanz, 209 Ky. 815, 273 S. W. 500. The sole effect of chapter 148 of the Acts of 1932, was to amend section 4148 of the Kentucky Statutes by adding thereto the proviso for permitting the payment of taxes in installments. The entire effect of chaper 129 was to amend the same section of the Statutes by changing the dates within which discount would be allowed, and after which penalties could be exacted. These acts are companions, and when two acts are passed by the same General Assembly upon the same subject, they are regarded as in pari materia, and should be construed together and reconciled if possible to do so. It is to be presumed that the Legislature intended both acts to have effect. Lambert v. Board of Trustees, 151 Ky. 733, 152 S. W. 802, Ann. Cas. 1915A, 180; Vaughan v. Roberts, 192 Ky. 367, 233 S. W. 733; Campbell County Election Commission v. Weber, 240 Ky. 373, 42 S. W. (2d) 511. The consequence is that section 4148, as it stood before 1932, was twice amended to conform to the purpose of the Legislature in the three particulars specified in the two amendatory acts. Neither of the amendments contradicts or impinges upon the other. The confusion arises

from the republication of the portion of the statute that was not amended by chapter 148; but that confusion is cleared up by the amendment and republication of the same section in chapter 129.

The judgment of the circuit court being in accordance with this view, it is affirmed.