## City of Louisville v. Thomas.

(Decided Jan. 29, 1935.)

MARK BEAUCHAMP and THOMAS A. BALLANTINE for appellant.

BURKE & LAWTON and WILLIAM T. BASKETT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In November, 1929, John D. Thomas was appointed

clerk of the police court of Louisville by the regularly elected, qualified, and acting judge of such court for a term of four years. In April, 1934, he instituted this action seeking to recover from the city the sum of $412.83 which it was alleged represented the aggregate amount of the reduction of his salary by the city for certain months during the year 1933.

The city, by answer, denied the reduction in salary or that it was indebted to plaintiff in the sum set forth in his petition. In a second paragraph it was alleged that the reduction in salary complained of was made at a time when the finances of the city were in such a condition, because of decrease in various sources of revenue, as to present grave doubt as to its ability to meet the current expenses, including salaries and that the police judge, who appointed plaintiff, acquainted him with such conditions; that the reduction was made with his full knowledge and consent and in consideration of a like agreement upon part of all other employees of the city and upon their accepting a reduction of salary; that he continued to discharge the duties of his office without objection until November 28, 1933, when his term of office expired; that the city relied on his agreement with it and accepted same in good faith; and that by reason of these facts he was estopped from asserting his claim for a greater sum or sums than was paid him and which he accepted under the circumstances set forth in the answer. In a third paragraph it alleged that plaintiff knew at all times of the existence of the provisions of the statute pleaded and relied upon in his petition and notwithstanding such knowledge voluntarily and in consideration of the matters set forth in paragraph 2 accepted the sums paid him in full of all salary, wages, or compensation for his services, and that he thereby waived and relinquished all right or claim to any additional amount.

By reply, plaintiff denied the affirmative allegations of the answer. The city took the deposition of two witnesses whose evidence related to the agreement of various city officials and employees, including plaintiff, to accept a reduction of salary and as to the knowledge of plaintiff concerning these matters and his acquiescence therein The court sustained exceptions to the depositions.

By agreement of parties entered of record and in

lieu of the testimony taken on behalf of plaintiff, it was stipulated that plaintiff, as clerk of the police court, received for the period beginning January 1, 1933, and ending July 15, 1933, a salary at the rate of $247.91 per month, and had been paid no additional sum for or during this period; that for the period beginning July 15, 1933, and ending November 28, 1933, he received $262.48 per month and had been paid no additional salary for or during such period.

On final hearing it was adjudged that plaintiff recover the sums sued for, and the city is here on motion for appeal.

No question is made concerning the amount of the reduction of appellee's salary nor concerning the propriety of the lower court's action in sustaining exceptions to the proof taken by appellant, but, after referring to the court's action in that particular, it is stated in brief filed by counsel for appellant that for all practical purposes the case comes here virtually on a demurrer to the defenses set up in the second and third paragraphs of its answer.

Appellee relies on section 161 of the Constitution, which reads:

"The compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

It will be seen, therefore, that his right of recovery depends upon whether he was an officer within the meaning of the quoted section of the Constitution, and if so, then whether he may waive the provisions of the Constitution and of the statute respecting the salary of officers, or whether by his acts and conduct he may be estopped from claiming the full amount of his salary after receiving and accepting a lesser sum.

Section 160 of the Constitution, in so far as pertinent, provides:

"The mayor or chief executive, police judges, members of legislative boards or councils of towns and cities shall be elected by the qualified voters thereof; * * * but other officers of towns or cities shall

be elected by the qualified voters therein, or appointed by the local authorities thereof, as the general assembly may, by a general law, provide; but when elected by the voters of a town or city, their terms of office shall be four years, and until their successors shall be qualified.''

Louisville is a city of the first class, and section 2756, Kentucky Statutes, which is a part of the charter of such cities, provides:

''Except as otherwise herein provided, the legislative body may, by ordinance, prescribe the duties, define the term of office, and fix the compensation and the bond and time of election or appointment of all officers and agents of the city.''

Section 2911-4, Kentucky Statutes (section 139, chapter 115, Acts 1926), provides in effect that from and after the expiration of the term of clerk of the police court then in office, such office shall cease to be elective, and thereafter the judge of such court shall be empowered to appoint such clerk for a term of four years and to fill any vacancy that may occur in that office.

Section 2931, Kentucky Statutes, provides that the clerk of the police court in cities of the first class shall be paid a salary of $3,500 per annum. All these sections of the statute have been in force and effect since their enactment.

That appellee was a public officer within the meaning of section 161 of the Constitution is not an open question in this jurisdiction. As will be seen, the Statutes and ordinances relating to the clerk of the police court embody the idea of tenure, duration, and the discharge of duties appertaining to and for and on behalf of the sovereign. The position is created, defined, and controlled by law, and does not arise out of, nor is it dependent upon, contract. It possesses every essential element of a public office within the meaning of the quoted provisions of the Constitution as defined by this court and by other courts and text-writers. City of Louisville v. Wilson, 99 Ky. 598, 36 S. W. 944, 18 Ky. Law Rep. 427; Lowry v. Lexington, 113 Ky. 763, 68 S. W. 1109, 24 Ky. Law Rep. 516; City of Lexington v. Rennick et al., 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106, 20 Ky. Law Rep. 1609; Foucht v. Hirni, 57 Cal. App.

685, 208 P. 362; State v. Jones, 79 Fla. 56, 84 So. 84; Attorney General v. Common Council of City of Detroit, 112 Mich. 145, 70 N. W. 450, 37 L. R. A. 211; Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169; 22 R. C. L. 374, 375.

It is first contended by counsel for appellant that, although appellee may have been a public officer and that any reduction in his salary would be violative of the section of the Constitution invoked by him, nevertheless he might waive claim to the salary provided by statute or ordinance. As supporting this proposition, counsel cite the case of Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 32 Ky. Law Rep. 525, 17 L. R. A. (N. S.) 280, and other cases and text authorities. These authorities merely deal with the doctrine of waiver as generally recognized and applied by courts, and none of them involves or relates to the particular question under consideration. More will be said concerning the question of waiver in connection with the discussion of the second and final ground argued for reversal.

Counsel for appellant most earnestly insist that, because of absence of any coercion on the part of the city or any objection by appellee to the acceptance of the reduced salary, he is estopped from setting up or asserting any claim growing out of such reduction. As supporting this theory of the defense to the claim, text authorities, a number of cases from foreign jurisdiction and the cases of City of Louisville v. Gorley, 25 Ky. Law Rep. 2174, 80 S. W. 203, City of Lexington v. Rennick, supra, and Second National Bank of Ashland v. Ferguson, 114 Ky. 516, 71 S. W. 429, 24 Ky. Law Rep. 1298, are cited.

In the Gorley Case it appears that the board of safety of the city of Louisville attempted to lay off members of the detective and police forces of the city for four days each month and thus diminish their pay. The city defended on the ground (1) that the suspension complained of was a necessity forced on the board because of the insufficiency of the appropriation made by the general council; and (2) that the complaining parties were estopped from recovering anything because of their having signed the pay roll for the months in which their pay was diminished. The court in upholding the judgment against the city held in effect that the proven facts and circumstances did not sustain the city's plea

of estoppel. This is construed by counsel as holding, inferentially at least, that the doctrine of estoppel might have been applied if the facts had so warranted.

It will be seen from a study of the opinion that the court did not expressly nor by necessary implication hold that the detectives and policemen would have been estopped to assert their claim if the city had established the matters pleaded to show estoppel. It was not necessary to, and the court did not, determine that question, but merely held that the facts pleaded as constituting estoppel had not been established by proof. If the court at that time was committed to the idea that the doctrine of estoppel would apply in cases of this character, it has, as will presently appear, receded from that view.

In the Rennick Case, Rennick and others were seeking to recover a balance growing out of a reduction in their salary as policemen of the city of Lexington. The statute under which they were appointed provided that the policemen of the city might be removed at pleasure, with or without cause, by the board of police commissioners. The court in discussing the purpose and effect of section 161 of the Constitution summed up with the conclusion that the framers of that instrument in adopting section 161 had in mind and referred only to officers having a fixed term, and that, since the members of the police of Lexington did not have a definite and fixed term of office, but might be removed at any time with or without cause, they did not come within the protective provisions of that section.

The Ferguson Case, as pointed out in the case of City of Winchester v. Azbill, 225 Ky. 389, 9 S. W. (2d) 51, 52, does not sustain appellant's contention, since in that instance the officer accepted a lump sum as compensation both for official and personal services, and the sums so received by him were greater than the amount of his official fee.

In the case of Town of Nortonville v. Woodward, 191 Ky. 730, 231 S. W. 224, 225, in which a reduction in the salary of the office of marshal of a town of the sixth class was involved, it is said:

"It is a general rule that an agreement by an officer to accept less than the fixed salary of an

office to which he is elected or appointed for his compensation is void, as against public policy.''

In the case of City of Winchester v. Azbill, supra, this is quoted with approval, and in addition thereto it is said:

"The rule is equally well settled that an officer cannot estop himself from claiming full payment of his salary as fixed by statute, and where part of his salary has been withheld under an illegal agreement, recovery is allowed. Cases, supra.

"An agreement by a public officer to accept less than the fees or salary prescribed by law being contrary to public policy, the courts should not give effect to it by spelling out a waiver or estoppel."

In the case of Neutzel, Clerk, v. Fiscal Court of Jefferson County, 183 Ky. 1, 208 S. W. 11, the opinion in discussing the purpose and effect of sections 161 and 235 of the Constitution refers to the construction given these provisions in numerous cases to the effect that neither the salary nor compensation of an officer, regardless of the method of payment, may in any manner be changed during his term of office by either increasing or reducing it. The opinion continuing says:

"In other words, the purpose of these provisions was to secure to the officer during the term of his office exactly the same compensation or salary, no more and no less, that under the law he was entitled to receive at the time he was elected to the office."

So much has been written concerning the wisdom of the prohibition against changing the compensation or salary of a public officer during his tenure of office and the sound public policy underlying it that further discussion would be mere repetition. The rule as embodied in our Constitution is unyielding and inflexible, and there is no exception save that made in the latter portion of section 235, which provides:

"It shall be the duty of the general assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties."

In the light of the authorities cited, it is apparent

that the second and third paragraphs of appellant's answer nor either of them, set up a valid defense to appellee's claim.

For the reasons indicated, the motion for appeal is denied, and the judgment affirmed.