## Scott v. Montgomery County et al.

June 19, 1945.

W. C. Clay, Jr., John Howe, Reid Prewitt, and F. C. Bryan for appellant.

Howard H. Whitehead and R. H. Winn for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Ben H. Scott, was elected county clerk of Montgomery County at the November, 1937, election for a four-year term beginning January 3, 1938, and was re-elected county clerk at the November, 1941, election for a four-year term beginning the first Monday in January, 1942. On May 3, 1937, the fiscal court of Montgomery County adopted the following order fixing the salary of the county clerk for the term beginning the first Monday in January, 1938:

"In the Matter of the Salary of the County Clerk of Montgomery Co.:

"Order

"On motion of Commissioner W. E. Jones, seconded by Commissioner R. S. Greene, and all members of the Court voting aye on roll call, the compensation of the County Court Clerk of Montgomery County for the ensuing term of four years beginning on the first Monday in January 1938 and ending on the first Monday in January 1942, is hereby fixed at the sum of $900.00 per year, payable monthly, which sum shall include all the services of the said clerk now performed for his present compensation and especially shall it include his compensation for acting as Clerk of the Fiscal Court, keeping the records thereat, issuing without charge to those entitled to same, vouchers as ordered by the said Fiscal Court, the making out and certifying to the sheriff of tax bills, both white and colored et cetera."

In May, 1941, a similar order was adopted fixing the salary of the county clerk at $900 per year for the term beginning the first Monday in January, 1942.

In the present action appellant is seeking to collect certain statutory fees which accrued during the years 1938 to 1942, inclusive, in addition to the $900 annual salary which has been paid. After many pleadings had been filed, appellant on February 5, 1943, filed in the Montgomery circuit court a pleading styled "Amended Petition and Petition on Appeal," in which he alleged that he was entitled to compensation in the sum of

$362.41 for 1938, $373.40 for 1939, $381.49 for 1940, $310.43 for 1941, and $318.38 for 1942, or a total of $1,-746.11, for performing the duties imposed upon the county clerk by Carroll's Kentucky Statutes, 1936 Edition, sections 4076a-2, 4126, 4239e, and 4239j. The pertinent parts of these sections were incorporated in Kentucky Revised Statutes, 1942 Edition, as sections 132.550, 132.560, and 133.240. Section 4076a-2, Carroll's Kentucky Statutes, provides that the county clerk shall be paid the sum of 12c per line across the page of the tax book for preparing the extensions required by section 4076a-1, Kentucky Statutes, now subsection (1) of section 132.550, KRS, one-half of this sum to be paid by the state and the other one-half to be paid by the county. Section 4126 of Carroll's Kentucky Statutes provides that the clerk shall be allowed 7c for each tax bill made out for the sheriff and 50c for each tax bill made out in case of an omitted assessment. Section 4239e provides that the county clerk shall present his account to the county court, and if found correct the court shall allow same and order one-half of the claim paid out of the county levy and the other one-half out of the state treasury. Section 4239j provides that for making out a statement of exemptions from taxes allowed to taxpayers the fiscal court of the county shall make the county clerk a reasonable allowance, one-half of which shall be paid by the state upon proper certification to the auditor and the other one-half shall be paid by the county. It is for his services performed under these statutes during the five-year period beginning the first Monday in January, 1938, that appellant claims the county is indebted to him in the sum of $1,746.11. That amount, or approximately that amount, has been paid to him by the Commonwealth of Kentucky as its share of his compensation.

To the pleading styled "Amended Petition and Petition on Appeal," the defendants filed an answer in eight paragraphs. Paragraph 1 traversed all the affirmative allegations of the Amended Petition and Petition on Appeal, other than certain allegations concerning plaintiff's election and qualification as county clerk and the election and qualification of the defendants as county judge and members of the fiscal court. In paragraph 2 it was alleged that the claims presented by the plaintiff were not accompanied by a receipt from the auditor of

the Commonwealth of Kentucky for the recapitulation sheets as required by section 4239e, Kentucky Statutes. In paragraph 3 it was alleged that plaintiff had not presented the account sued on to the defendants accompanied by a receipt from the sheriff for the tax bills for any of the several years in question. Paragraph 4 was a plea of payment. Paragraphs 5, 7 and 8 contained pleas of estoppel. In paragraph 6 it was alleged that the plaintiff was precluded from recovering on his claim by reason of his failure to appeal pursuant to the provisions of KRS 23.030 and section 729 of the Civil Code of Practice within sixty days after the entry of each of the orders fixing the salary of the county clerk. The court sustained demurrers to paragraphs 2 and 3 of the answer, and overruled the demurrers to paragraphs 4, 5, 6, 7 and 8. The plaintiff declined to plead further, and his petition as amended was dismissed.

Since we have concluded that the court properly overruled the demurrer to paragraph 4 of the answer and that this paragraph constituted a complete defense, it is unnecessary to consider the defenses set up in the other paragraphs of the answer. In paragraph 4 the defendants alleged that plaintiff had been paid in full for all services rendered by him during the five-year period, 1938 to 1942, inclusive; that the orders of the fiscal court fixing the salary of the county clerk specifically provided that the services for which plaintiff is now claiming compensation should be covered by the $900 annual salary which he has collected; and that he has been paid the sum of $4,500 for the five-year period, which is $2,753.89 more than the statutory fees now claimed by him, or $550.78 for each year over and above the statutory fees which ''was and is a full and adequate, and more than full and adequate, payment for all of the services rendered by the said Scott other and apart from those presented in his claim.''

It is contended by appellant that the orders of the fiscal court fixing the salary of the county clerk for the terms beginning the first Monday in January, 1938, and the first Monday in January, 1942, apply only to the salary of the clerk of the fiscal court and that the fiscal court was without authority to substitute a salary for the fees fixed by statute for services performed by the county clerk in preparing tax bills, computing extensions,

and making up recapitulation sheets. By the orders in question the fiscal court clearly intended that the annual salary should cover all compensation of the clerk for which the county is liable in respect to his services as clerk of the fiscal court and his services in tax matters. Appellant and appellees so understood them. It is provided by statute that the clerk of the county court shall be clerk of the fiscal court, and shall attend its sessions and keep a full and complete record of all its proceedings. For his services as clerk of the fiscal court he shall receive an annual salary fixed at a reasonable amount by the fiscal court and paid in monthly installments out of the county treasury. The salary must be fixed not later than the first Monday in May in the year in which county clerks are elected. Carroll's Kentucky Statutes, sections 1072 and 1085; KRS 67.120. In paragraph 4 of the answer it was alleged that $550.78 annually was a full and adequate payment for all services performed by appellant other than those presented in his claim. It is appellant's contention that the orders of the fiscal court fixing the salary of the county clerk are void in so far as they attempt to include in the salary of $900 the statutory fees he now is claiming, and Mack v. City of Mayfield, 239 Ky. 420, 39 S. W. 2d 679, is cited. In the Mack case a jailer accepted for his services in keeping and dieting prisoners a sum less than the statutory fees to which he was entitled. In an action to recover the balance due him, it was held he was not estopped by acceptance of a sum less than that to which he was entitled. In City of Winchester v. Azbill, 225 Ky. 389, 9 S. W. 2d 51, it was held that a contract whereby a public officer whose compensation is fixed by statute agrees to accept for his official services a different compensation is contrary to public policy and void; that an officer cannot estop himself from claiming full payment of his salary as fixed by statute and where part of his salary has been withheld under an illegal agreement recovery is allowed. To the same effect is City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. 2d 767.

In each of the foregoing cases, the official had been paid less than the statutory salary to which he was entitled. In the case before us, appellant has been paid the amount of the statutory fees for which he presented a claim, and, in addition, the sum of $550.78 annually for

other services performed by him; that is, his services as clerk of the fiscal court and his services in making out the statement of exemptions pursuant to section 4239j, Kentucky Statutes. The fiscal court, in effect, fixed his annual compensation for these services at an amount equal to the difference between the statutory fees to which he is entitled and $900. There can be no objection to this method of fixing his salary. The amount is greater than his official fees, and the only question that could arise would be as to the reasonableness of the compensation for his other services. There is no issue as to the reasonableness of this compensation, and if an issue had been made the court would have been without jurisdiction to consider the question in this proceeding. Dyche v. Gross, 283 Ky. 484, 141 S. W. 2d 877. In City of Winchester v. Azbill, supra, the city relied on the case of Second Nat. Bank v. Ferguson, 114 Ky. 516, 71 S. W. 429, in support of its contention that the contract with the jailer, which fixed his fees at a rate other than that fixed by statute, was not against public policy, but this court, distinguishing the Ferguson case, said (225 Ky. 389, 9 S. W. 2d 52): "In that case an officer accepted a lump sum as compensation for both official and personal services, but the sum accepted was greater than the amount of his official fees."

We think the court properly overruled the demurrer to the plea of payment, and the judgment is affirmed.