## City of Louisville v. Fisher
## (and thirteen other cases).

(Decided Jan. 29, 1935.)

MARK BEAUCHAMP and THOMAS A. BALLANTINE for appellant.

BURKE & LAWTON and WM. T. BASKETT for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Walter S. Fisher and the other thirteen appellees in the above-styled actions who were plaintiffs below have each recovered judgment against the city of Louisville for $246 alleged balance due them for salary as deputy assessors of that city. The petition in each of the actions alleges that the salary of the plaintiff was reduced during his term of office by the amount sued for. The city is here on motion for appeal from the judgment in each of the cases, which by agreement of parties have been consolidated, heard together, and will be disposed of in one opinion.

Section 160 of the Constitution of this state, in substance, provides that officers of towns or cities other than the ones enumerated therein shall be elected by the qualified voters or appointed by the local authori-

ties as the General Assembly may by law provide. Louisville is a city of the first class, and section 2756, Kentucky Statutes, which is a part of the charter of that city, reads:

"Except as otherwise herein provided, the legislative body may, by ordinance, prescribe the duties, define the term of office, and fix the compensation and the bond and time of election or appointment of all officers and agents of the city."

Section 2906 of the Statutes, which is also a part of the charter of the city provides in substance that, after the election of an assessor by the general council of the city for a term of four years, the assessor shall have power to appoint, with the approval of the board of aldermen, such deputies and assistants as may be allowed him by ordinance.

By an ordinance adopted by the general council of the city of Louisville and approved July 30, 1924, and which has since been in full force and effect, it is provided that the assessor shall, in the month of June of each year and with the approval of the board of aldermen, appoint not exceeding fourteen deputies whose salary shall be $1,800 per year. By stipulation in each of the cases, it is agreed that appellee only received as his salary during the term of office for which he was appointed under the ordinance above referred to the amount set out in his petition.

The city made practically the same affirmative defenses in these actions as was made in the case of City of Louisville v. John D. Thomas, 257 Ky. 540, 78 S. W. (2d) 767, this day decided, and these appeals involve the same questions involved in that appeal. The city took the depositions of two or three witnesses, whose evidence supports the affirmative allegations of its answer, concerning the circumstances under which the reduced salaries were paid.

Under the provisions of the Constitution and the Statutes and ordinances above referred to, appellees were public officers within the meaning of section 161 of the Constitution, and the city was without authority to increase or diminish their salaries during their term of office. It was held in the Thomas Case that the clerk of the police court of Louisville could not waive or be estopped from claiming the full salary to which

he was entitled under the statute. The same principles are involved and the same rule applies in each of these cases, and, on the authority of that case, the motion for appeal in each of the consolidated actions is denied, and the judgment affirmed.